### F. Koehler v. J. B. Cochran et al.

Decided June 16, 1898.

**Estoppel—Mistake of Description in Deed.**

A grantee is estopped to claim that his deed covers other land where, at the time of its execution, he took possession of land which the grantor had purchased for him, and which he intended to have conveyed to himself, as the subject of the conveyance, and has, by such occupancy and claim, acquired title thereto by limitation.

Error from Harris. Tried below before Hon. John G. Tod.

*F. F. Chew, Sr.,* and *L. S. Fawcett,* for plaintiff in error.

*Jones & Garnett,* for defendant in error.

PLEASANTS, Associate Justice.—This is an appeal from a judgment rendered for the defendants in error, in a suit of trespass to try title brought by the plaintiff in error, to recover one-half of 39¼ acres of land situated within the corporate limits of the city of Houston, the same being part of the west half of the Luke Moore league, and described in the petition as the west half of lot number six (6). The defense to the suit was not guilty. The case was tried by the judge of the court without the interposition of a jury, and the plaintiff in error insists that the findings of the court are not sustained by the evidence; and we are of the opinion that this contention can not be maintained, and that the judgment should be affirmed.

The facts, as we conclude them to be from the record, are substantially these:

Both parties claim the land under and through one Johan Moehr, now dead. In 1884 the plaintiff Koehler, being desirous to purchase an inclosed lot of land containing about twenty acres, lying immediately west of and adjoining the land in controversy, and not having the money to make the purchase, prevailed upon Moehr to buy the property and to sell it to him, plaintiff, on time. At the time of the purchase by Moehr, he was the owner of the land in controversy, and continued to own it until his death, and after his death it was purchased from the representatives of his estate by the defendants. In 1839 the west half of the

Luke Moore league, including the land in controversy, and the tract sold the plaintiff by Moehr in 1884, was subdivided by its owner into lots; and in making this subdivision the surveyor erroneously placed the west boundary line of the Luke Moore league 125 varas west of its actual location; and in 1861 this error was discovered by a surveyor of Harris county, and subsequent to that date the identification and location of these lots in this subdivision of the land has been sometimes ascertained and determined by assuming the western boundary of the league to be that line established as such boundary by Surveyor Powars in 1861; and at other times, by assuming the western boundary to be the line established as such by Surveyor Trott when he made the subdivision in 1839 for its then owners. The 39¼ acres of which the land conveyed to Koehler by Moehr in 1884 is a part, is thus described in the conveyance: The western half of 39¼ acres of land, a part of lot 6 of the subdivision of the western half of the Luke Moore league, and bounded as follows: Beginning at the southwest corner of lot (4) four of said subdivision, thence S. 20 deg. W. 430 varas, to a pin oak blazed on three sides; thence N. 70 deg. E. 500 varas, to a pine blazed on four sides; thence N. 20 deg. E. 430 varas, to the southeast corner of lot four; thence S. 70 deg. W. to the place of beginning. And by this same description, with same boundaries, this lot or parcel of land had been previously sold and conveyed by several of its owners, and held and occupied by their vendees. In 1860 lot six (6), containing 88 acres, was conveyed to John Priest by Samuel M. Frost, who in 1839 purchased lots 6 and 8 of this subdivision, and in the year 1860 Priest conveyed the 39¼ acres of this 88 acres, describing it as part of lot 6, to one Kuntz, and from the heirs of Kuntz and their vendees the plaintiff takes title through his vendor, Moehr, to so much of this identical land as was conveyed by Moehr's deed in 1884, and upon which he then entered, and which he still occupies and owns. One of the previous owners of the land bought by plaintiff from Koehler, and upon which plaintiff then entered and still occupies, testified that he fenced this land in 1882. In 1891 one Thacker sued Koehler to recover the land and Koehler defended the suit, and asserted title to the premises under his purchase from Moehr; and he also pleaded the statute of limitations of five and ten years; and in making out his title by limitation, he availed himself of the possession of his vendor, Moehr, by tacking same to his own possession. The plaintiff in that suit claimed that the premises were not in lot (6) six, but in lot (5) five, and the defendant Koehler defended the suit on the contention that the land was, as his conveyance alleged, a part of lot (6) six. The verdict was for the defendant, and seems to have been rendered for him upon his pleas of limitation. In this suit Koehler now contends that the land he was put in possession of, and which he now holds, is not a portion of lot 6, and was not conveyed by the deed from Moehr to him, and that the land conveyed by that deed in the land claimed by the defendants, which land, as we have seen, was owned by Moehr at the time of his sale to Koehler, and was separated by a dividing fence from the tract upon which Koehler

then entered, and which he had requested Moehr to buy for him; and the only basis for his claim of title to the land sued for is the controverted fact, whether or not the land sold by Moehr and taken possession of by Koehler in 1884 is a part of lot (6) six. There is evidence in the record to sustain the finding of the court that that land is in lot (6) six. The evidence on this point is conflicting, it is true, and we may concede that the weight of the evidence is against the contention of the defendants; nevertheless the evidence in support of that contention is amply sufficient to warrant the finding of the court, and if such be the fact, the plaintiff's claim of title to the land in controversy is baseless, and he is without standing in court. But whether the land sold to Koehler by Moehr in 1884, and then taken possession of by the former, be actually a part of lot 6 or not, is in our opinion immaterial, since it is manifest from the evidence that the land taken possession of at the time by Koehler, was in fact the land intended to be conveyed and was the land purchased by Koehler, at his request, by Moehr, and that it was clearly not the intention of Moehr to convey and not the intention of Koehler to buy the land now sued for. When Koehler received the deed from Moehr, and took possession of the land, he took such title as his vendor had, and he can not now be heard to say that the deed conveyed to him the land in controversy. He should not be permitted to say, under these facts, that the land conveyed by his deed is not in lot (6) six. Koenigheim v. Miles, 67 Texas, 113. Affirmed.

*Affirmed.*

Writ of error refused.