INTERNATIONAL FIRE INSURANCE CO.
v. BLACK. (No. 1492.)*

(Court of Civil Appeals of Texas. Texarkana.
July 1, 1915. Rehearing Denied
Oct. 7, 1915.)

1. INSURANCE ⊙⟶76—ACTIONS ON POLICIES—
SUFFICIENCY OF EVIDENCE.

Though in an action on an insurance policy the circumstantial evidence strongly tended to show that the agency of the person issuing the policy had terminated before its issuance, where he testified that his agency had not then terminated his testimony supported the trial court's finding in favor of plaintiff.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 101; Dec. Dig. ⊙⟶76.]

2. APPEAL AND ERROR ⊙⟶1010—REVIEW—
QUESTIONS OF FACT.

The question for an appellate court is not whether findings of the trial court complained of are supported by a preponderance of the evidence, but whether or not there is any evidence to support them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982, 4024; Dec. Dig. ⊙⟶1010.]

3. INSURANCE ⊙⟶78—AUTHORITY OF AGENT—
ESTOPPEL TO DENY.

Where a party dealing with an insurance agent authorized to issue policies and having policies in his possession did not know of any restriction on his authority with respect to the territory in which he might write insurance or the classes of property which he might insure, he had a right to assume that the agent was authorized to issue the policy actually issued, and the insurance company was estopped from asserting the contrary.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 103; Dec. Dig. ⊙⟶78.]

4. ESTOPPEL ⊙⟶114—NECESSITY OF PLEADING
—LACK OF OPPORTUNITY TO PLEAD.

Plaintiff sued on a fire insurance policy, alleging that it was issued by defendant through its agent L. The answer denied that L. was defendant's agent and that he had authority to issue any such policy. Plaintiff showed that L. was defendant's agent to issue policies and that he had no knowledge of a limitation on L.'s authority as to the classes of property on which he could write insurance. Held, that the estoppel against defendant as to the agent's authority was available to plaintiff, since, while the general rule is that facts relied upon to establish an estoppel must be pleaded, such rule does not apply where the party asserting the estoppel has not had an opportunity to plead it.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 304; Dec. Dig. ⊙⟶114.]

5. INSURANCE ⊙⟶78—AUTHORITY OF AGENT—
EXTENT OF AUTHORITY.

An insurance company's agent at M. in H. county, in applying for appointment, stated that the class of risks he would write would be among the best planters in H. county. The company replied that if he would take the agency they would endeavor to care for his country business if he would also give them some good city business. In an action on a policy issued by him covering farm property in another county about 18 miles from M., the company's secretary testified that the authority of agents was limited to their own town and its suburbs, that if the authority was greater than this special permission would have to be given, and that

no authority was extended in any case to an agent to operate outside of his county. Held, that the court was not bound to find that this custom was observed when such agent was appointed, but had a right to determine the question from the correspondence, which correspondence did not limit his authority to H. county.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 103; Dec. Dig. ⊙⟶78.]

Error from District Court, Panola County; W. C. Buford, Judge.

Action by S. C. Black against the International Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Locke & Locke, of Dallas, and Brooke & Woolworth, of Carthage, for plaintiff in error. Jno. W. Scott, of Marshall, and Frank Lawson, of Carthage, for defendant in error.

WILLSON, C. J. The suit was by defendant in error Black on a policy issued, he alleged, by plaintiff in error through its agent A. C. Littlejohn November 5, 1912, insuring his (Black's) dwelling house, situated on a farm in Panola county about 18 miles southeast of Marshall, in Harrison county, in the sum of $2,000, and the contents thereof in the sum of $1,000, against loss by fire. The house and its contents were destroyed by fire March 12, 1914, while the policy was in force, it was alleged. Plaintiff in error denied that it had ever issued such a policy as the one sued on, and denied that said Littlejohn was its agent. The trial was by the court without a jury, and resulted in judgment in favor of defendant in error for $3,-000, interest and costs.

That plaintiff in error on June 22, 1911, authorized Littlejohn to act as its agent at Marshall and furnished him the blank forms of policies, etc., it expected he would need in the transaction of its business, was not disputed. That the policy issued by him to defendant in error was one of plaintiff in error's policies was disputed, but we do not understand plaintiff in error to be in the attitude of questioning the sufficiency of the evidence relied upon to support the finding involved in the judgment, that the policy was issued on its behalf by Littlejohn as its agent. The contention of plaintiff in error is that the trial court erred in not rendering judgment in its favor, because, as it insists is true: (1) It appeared from "the great preponderance of the evidence" that Littlejohn was not its agent at the time he issued the policy; and (2) that, if it did appear that he was then its agent, it further conclusively appeared that as such he was without authority to issue its policies on farm property, without respect to where same was situated, and was without authority to issue its policies on property of any kind in Panola county.

[1, 2] Notwithstanding circumstantial evi-

dence strongly tending to show that Littlejohn's agency for plaintiff in error had terminated at the time he issued the policy sued upon, the trial court had a right to believe Littlejohn when, as a witness, he testified that his agency had not then terminated. As his testimony was sufficient to support the finding involved in the judgment to the contrary of the insistence of plaintiff in error, it is not for this court to say that the finding was opposed by a preponderance of the evidence and therefore wrong. The question for an appellate court is not whether findings of a trial court complained of "are supported by a preponderance of the evidence, but it is whether or not there is evidence to support them." Wells v. Yarbrough, 84 Tex. 660, 19 S. W. 865; Koehler v. Cochran, 19 Tex. Civ. App. 196, 47 S. W. 394.

[3, 4] In a letter dated January 12, 1912, plaintiff in error advised Littlejohn that "the International will not write farm property under the new management." It is not doubted that the effect of this letter, as between plaintiff in error and Littlejohn, was to deprive the latter of the right he had before he received it to issue policies of the former on farm property. But the fact that Littlejohn, because of the restriction in the letter referred to, was without authority to issue the policy sued upon, is not a reason why it should be held that plaintiff in error was not liable thereon; for it appears that defendant in error at the time he dealt with Littlejohn was ignorant of the restriction on his authority. Defendant in error therefore had a right to assume that Littlejohn, being empowered by plaintiff in error to issue its policies, was authorized to issue the one in question; and plaintiff in error should be held to be estopped from asserting to the contrary. 1 Clark & Skyles on Law of Agency, §§ 196, 206, 207, 208, 451; 1 Cooley's Briefs on Law or Ins. p. 347. Plaintiff in error, as we understand it, does not contend that the law is otherwise. Its contention is that the estoppel against it was not available to defendant in error because he did not plead it. Undoubtedly the general rule is that facts relied upon to establish an estoppel must be pleaded. Insurance Co. v. Bank, 17 Tex. Civ. App. 477, 43 S. W. 831; Swayne v. Insurance Co., 49 S. W. 518; Rail v. Bank, 3 Tex. Civ. App. 557, 22 S. W. 865. But, it seems, the rule does not apply where the party asserting the estoppel has not had an opportunity to plead it. Abbott's Trial Brief, pp. 1640, 1644; Schurtz v. Colvin, 55 Ohio St. 274, 45 N. E. 527. Here defendant in error alleged that the policy was issued by plaintiff in error "by and through its agent A. C. Littlejohn." The answer of plaintiff in error to the allegation was as follows:

"Defendant * * * denies that A. C. Littlejohn was its agent, and denies that he had authority to issue any such policy of insurance."

As we construe the answer, it was merely a denial by plaintiff in error that Littlejohn was its agent at all. Defendant in error overcame that defense by proof showing that Littlejohn was its agent to issue policies at the time he issued the one in question. Had plaintiff in error defended on the ground that Littlejohn exceeded his authority as its agent when, in violation of its instructions not to issue policies on farm property, he issued the one sued upon, defendant in error would have been called upon to plead the facts constituting the estoppel, and doubtless he would have done so. We have found nothing in the record showing defendant in error to have had any knowledge of the limitation on Littlejohn's authority prior to the time the letter advising him that plaintiff in error would not issue policies on farm property was offered in evidence at the trial. It seems to us it would be unreasonable to hold, under the circumstances, that the case is within the rule invoked. We think it should be held, instead, that it is within the exception to the rule, and that the failure of defendant in error to plead the facts showing the estoppel proven is not a reason why the judgment should be reversed.

[5] We do not think it should be said to have conclusively appeared that Littlejohn was without authority to issue policies of plaintiff on property in Panola county. It is true that it appeared that he was plaintiff in error's agent "at Marshall," but we do not think that meant he could not issue its policies on property elsewhere than in that city. And plaintiff in error does not contend it did, but insists his authority was restricted to the issuance of its policies on property in Harrison county. The contention is based on correspondence between plaintiff in error's secretary at Ft. Worth and Littlejohn at Marshall, showing that Littlejohn in applying for appointment as agent of plaintiff in error to issue its policies on farm property assured it that the class of risks he would write would be "among the best planters in Harrison county;" that it replied as follows:

"At the present time we have no representative in your city. If you would take the agency of our company we would endeavor to care for such country business as would comply with our requirements, namely, owner, occupancy, brick flues and unincumbered. We would also take small lines on barns and contents not to exceed 25 per cent. of our line on dwellings and contents. If you would like to have the agency of our company on this basis, and would also give us some good city business to offset this country business without making us a specialty farm-writing company, I would be glad to plant with you."

That Littlejohn replied:

"I will be pleased to accept the agency for your company along the lines outlined by yourself. Please therefore furnish me with bond and contract, also register and policies, and any other supplies that you think I might need."

And that plaintiff in error replied:

"Agreeable to your request, I am handing you herewith bond, agency appointment blank, and shall request that you kindly execute and return to me, and also sign the receipt for supplies which have been forwarded to you under separate cover. Trusting to receive these papers, and in the meantime you are hereby authorized to proceed as our agent."

And on testimony of one Pillet, the acting secretary of plaintiff in error, as follows:

"In all cases the authority of the agents of International Fire Insurance Company was limited to their own town and probably to suburbs adjoining. If in any case the authority was greater than that, special permission would have to be given, in writing, by the company. No authority was extended in any case to an agent to operate outside of his county."

Pillet, it will be noted, did not pretend to know anything about the authority conferred upon Littlejohn further than was shown by the correspondence set out above. His testimony in that respect had reference to the custom of his company in appointing agents and defining their authority. We do not think the trial court was bound to believe and find that the custom was observed when Littlejohn was appointed, but think he had a right to determine the question from the showing made by the correspondence. So determining it, we think the trial court might reasonably have found as he did. It will be noted that in the letter appointing Littlejohn agent no restriction was placed on his authority as to the location of property to be insured by policies he might issue. If the restriction as claimed existed by force of the contract of agency as evidenced by the correspondence, it must have been because of the assurance in the letter of Littlejohn applying for the appointment that the class of risks he would write, if appointed, "would be among the best planters in Harrison county." It seems to us there would be as good reason for construing this assurance as operating to deny Littlejohn authority to issue plaintiff in error's policies on farm property to others than the "best planters" in Harrison county, as for construing it as operating to deny him authority to issue such policies only on property in Harrison county. We think the trial court might reasonably have concluded that plaintiff in error in the letter appointing Littlejohn its agent did not intend that the general authority thereby conferred upon him to act for it in the issuance of its policies on farm property was to be construed as so limited as to locality, by Littlejohn's letter applying for the agency, as to deny him authority to issue such policies on farm property outside of Harrison county. But if we are wrong about this, and if it should be said that it conclusively appeared that Littlejohn was without authority to issue the policy in question because the property covered by it was in Panola county, we do not think his lack of authority should be held to have defeated a right on the part of defendant in error to recover on the policy as he did. For it appears from the record that defendant in error dealt with Littlejohn on the faith of his being what his possession of plaintiff in error's policies indicated him to be, to wit, its agent with authority to issue its policies, and in complete ignorance of any restriction on his authority as such agent. The judgment is affirmed.