STANDARD FIRE INS. CO. OF HARTFORD, CONN., v. BUCKINGHAM.
(No. 6063.)

(Court of Civil Appeals of Texas. Austin. March 26, 1919. Rehearing Denied May 7, 1919.)

1. CONTINUANCE ⊜⏤22—ABSENCE OF WITNESS—DEPOSITION.

Court did not err in refusing to grant a continuance on account of the absence of a witness, where a deposition was taken, wherein such witness fully stated his version of the matter involved.

2. CONTINUANCE ⊜⏤26(11)—ABSENCE OF WITNESS—DILIGENCE.

In an action against an insurance company, where plaintiff in his petition set forth his version of a certain conversation with an agent of defendant, the court did not err in refusing to grant a continuance on account of the absence of an employé of the insurance company in the office wherein the conversion took place, defendant having taken a deposition of the agent in the office, but having failed to take a deposition of the witness in question, showing lack of diligence.

3. INSURANCE ⊜⏤327—FIRE INSURANCE—REMOVAL OF GOODS.

Where a fire insurance policy provides that goods are covered only while they remain in the place where they were when insured, in the absence of a statute, no recovery can be had if they are moved elsewhere without the consent of the insurer.

---

⊜⏤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. INSURANCE ⊸327—FIRE INSURANCE—CONDITIONS—CAUSE OF LOSS.**

If as a matter of fact the removal of insured goods from one town to another did not contribute to bring about the destruction of such goods by fire, the insurer would be liable for loss in the latter town, under Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a, although policy provided that goods were covered only while in place where they were when insured.

**5. EVIDENCE ⊸433(6), 434(8)—REFORMATION OF INSTRUMENTS ⊸20—CONTRACTS ⊸245 (2)—ORAL AGREEMENTS PRIOR TO EXECUTION.**

All oral agreements prior to the execution of a written contract are presumed to have been embodied in such contract, but such presumption is not conclusive, and may be rebutted by showing that the agreement, by reason of mutual mistake, fraud, or accident, failed to embody all the terms of the contract actually made, and reformation of such an instrument may be had where there was a mistake on the part of one of the parties and fraud on the part of the other.

**6. PRINCIPAL AND AGENT ⊸148(5)—APPARENT AUTHORITY.**

It is immaterial whether or not an agent has actual authority to make a contract, if he has apparent authority so to do, wh..re the actual authority is not made known to the party with whom the contract is made.

**7. PRINCIPAL AND AGENT ⊸116(1)—UNDISCLOSED LIMITATIONS OF AUTHORITY.**

Instructions by the principal to the agent not to make a given contract are immaterial, where the contract is within the apparent scope of the agent's authority and such restrictions are not known to the party with whom they are made.

**8. PRINCIPAL AND AGENT ⊸147(2)—AUTHORITY OF AGENT—DUTY OF THIRD PERSON TO ASCERTAIN AUTHORITY.**

Although one dealing with an agent must ascertain, not only that he is such an agent, but the extent of his authority, he may rely upon such facts as plainly indicate such agency and such authority.

**9. INSURANCE ⊸76—AUTHORITY OF AGENT—EVIDENCE.**

The fact that a fire insurance agent has the policies of an insurance company signed by its officials, to become effective when countersigned by an agent, is sufficient evidence of agency for such company.

**10. INSURANCE ⊸78—AUTHORITY OF AGENT—SCOPE.**

In the absence of information that an agent has no authority to write fire insurance except at the place where his office is located, an insured may presume that he does have authority to cover property located elsewhere.

**11. INSURANCE ⊸143(4) — REFORMATION OF POLICY—MUTUAL MISTAKE—FRAUD.**

Where one leaving El Paso for Waco, Tex., had goods which he desired covered by fire insurance, and an agent in El Paso issued a policy to him to cover the goods in El Paso, and told him that the policy would cover the goods when moved from El Paso to Waco, which the policy did not in fact do, insured was entitled to recover for loss of the goods by fire in Waco, on the ground of mutual mistake, in that the policy did not express the real contract made, or, on the ground that the same was the result of a mistake on the part of the insured and legal fraud on the part of the agent.

Appeal from McLennan County Court; James P. Alexander, Judge.

Action by C. C. Buckingham against the Standard Fire Insurance Company of Hartford, Connecticut. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Sleeper, Boynton & Kendall, of Waco, for appellant.

W. B. Carrington and W. L. Eason, both of Waco, for appellee.

JENKINS, J. On July 1, 1917, appellant issued to appellee a Standard Fire Insurance policy on his household goods then stored in a warehouse in El Paso, Tex., while located and contained in said warehouse and not elsewhere. Appellee removed these goods from El Paso and stored them in a warehouse in Waco, Tex. On December 26, 1917, they were destroyed by fire. Appellee brought this suit to recover on said policy. He alleged, in substance, that appellant's agent, who issued the policy, was notified at the time that it was the purpose of appellee to remove said goods from El Paso to Waco, and there store them in a warehouse; that the goods were to be shipped by the El Paso Storage Company, but that they were unable then to say when such shipment would be made; that at the time of the issuance of said policy it was agreed between appellee and appellant's El Paso agent that the policy should protect appellee's goods after their removal to Waco, and that said agent agreed to take all such steps and to make all such notations upon his record as would fully protect appellee in the event of loss by fire after the removal of said goods to Waco; and that he would give his company such notice as might be required by reason of such change. Appellee alleged that he relied upon the promise of said agent to protect him as aforesaid, and that in view of such agreement it was the duty of appellant's agent, when said property was removed, to issue to appellee a slip called a "rider," agreeing to said removal, and forward the same to appellee to be attached to such policy, and to notify his company of his act in this regard, and that said agent agreed that he would ascertain from the El Paso Storage Company when said goods were shipped from El Paso to Waco; it then being made

known to said agent that appellee was leaving El Paso in advance of said shipment.

Appellee alleged that as a matter of fact the said agent did intend to carry out the agreement so made with the plaintiff, so as to provide therein protection to appellee upon the removal of said property as aforesaid and that there was no intention to limit the risk to loss in El Paso; and that the failure of appellant's agent to issue said rider or permit, or to provide in said policy for such removal was on account of a mistake of the draftsman in drawing up said policy; and that as the same was drawn it did not express the true agreement between the parties; and that the failure to issue said rider was an oversight on the part of said agent. Appellee further alleged that he supposed that said policy provided for the removal of said goods from El Paso to Waco, and that he was prevented from reading said policy further than to ascertain that it was a policy for $500 on his goods, by the assurance of said agent that the policy was all right and in accordance with their agreement as aforesaid; and that he would be fully protected after the removal of his goods to Waco; and that the failure of said policy to express the real agreement was occasioned by the mutual mistake of said agent and of appellee.

Appellee further alleged that if the failure of said policy to provide for his protection in accordance with said agreement was not a mistake upon the part of said agent, then the act of said agent in not issuing said policy in accordance with said agreement, and in not afterwards taking such steps, as were necessary to protect appellee after removal of his goods, was a fraud on the part of said agent.

Appellant, in addition to general demurrer and general denial, alleged that this suit was upon a written policy, setting out the same, and that appellee had breached the conditions of said policy by removing his goods from El Paso to Waco without the written consent of appellant.

The case was submitted to a jury upon the following charge:

"You are instructed that if you find from a preponderance of the testimony in this cause that Wm. B. Eisenberg, the representative of Anderson Filler, the agent of the insurance company at El Paso, agreed with plaintiff. to insure his property and protect the same against loss by fire after its removal from El Paso to Waco, then you will find for plaintiff for the actual cash value at the time of the fire of the insured property, if any, which was destroyed by fire.

"On the other hand, if you do not find that said agent at El Paso agreed to protect said property against fire after its removal to Waco, then you will find for defendant. The burden of proof in this case is upon the plaintiff to establish his case by a preponderance of the testimony; and, unless he has done so, you will find for the defendant.

"You are the exclusive judges of the credibility of the witnesses, and of the weight to be given to their testimony, but the law you are to receive from the court, which is herein given you, and you must be governed thereby."

The jury returned a verdict in favor of appellee, thereby finding that the allegations of his petition were true. The testimony is sufficient to sustain such finding.

The appellant filed a motion for a continuance, to obtain the testimony of Wm. B. Eisenberg, the representative of its agent at El Paso, who issued the policy, and Miss Mary Duden, an employé in the office of said agent at El Paso, and assigns error upon the action of the court in overruling said motion for continuance.

[1, 2] We overrule this assignment of error, for the reason, as to said Eisenberg, his deposition was taken in this case, and in reply to interrogatories he stated fully his version of the conversation between appellee and himself at the time said policy was issued, denying the version of said conversation as alleged by appellee, and as testified to by him at the trial of this cause. As to the other witness, Miss Mary Duden, no diligence is shown. Appellee's original petition set forth his version of the conversation at the time said policy was issued. Miss Duden was an employé of appellant in its office at El Paso, and if she was present and heard said conversation and would have testified in reference thereto, as alleged by appellant, appellant should have taken her deposition.

Appellant assigns error upon the admission of the testimony of appellee as to the agreement between himself and Eisenberg, the same having been objected to upon the ground that it was sought thereby to contradict or vary the terms of the written instrument sued upon. The questions and answers with reference to this conversation were as follows:

"Q. What conversation did you have with Mr. Eisenberg, the agent? A. I went in there, and Mr. Eisenberg was not in, and I waited until he came in, and I told him that I had moved my furniture to R. L. Daniel's warehouse in El Paso, in the seventeenth block, Texas street, and told him I wanted to insure the property for $500, and expected to move to Waco in a short time, and wanted him to cover my property if it was moved here, and that I did not know exactly when it would be moved.

"Q. What did the agent, Eisenberg, say to you? A. He told me he would look after my interest there, and cover me when the property was moved to Waco. I told him I wanted him to be sure to do so, and notify his company to do anything else necessary to protect me. He told me that he would look after my interest fully, and that I need not worry. I told him that I was leaving there, and did not know exactly when I was going to move, and he said that he would take care of it, and I relied on him."

This testimony raises the same issue of law as is raised by appellant in its assignment of error as to the refusal of the court to peremptorily instruct the jury to return a verdict for appellant; that is to say, if this testimony was not admissible, there was no legal testimony before the court upon which appellee could recover, as the policy provided for insurance on the property only while in the warehouse at El Paso, and it was destroyed by fire in a warehouse in Waco.

[3] The general rule of law is that where a policy, as in this instance, provides that the goods are covered only while they remain in the place where they were when insured, no recovery can be had if they are moved elsewhere without the consent of the insurer.

[4] Appellee urged that this rule does not now apply in this state, on account of Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a, which reads as follows:

"No breach or violation by the insured of any of the warranties, conditions or provisions of any fire insurance policy, contract of insurance, or application therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach or violation contributed to bring about the destruction of the property."

We are of the opinion that this statute would apply to the facts in the instant case, if as a matter of fact the removal of the goods from El Paso to Waco did not contribute to bring about the destruction of the property. Ins. Co. v. Southern Trading Co., 205 S. W. 352; Ins. Co. v. Nelms, 184 S. W. 1094; McPherson v. Ins. Co., 185 S. W. 1055.

[5] But whether or not such act contributed to the destruction of the property we do not find it necessary to decide in the instant case, for the reason that we think that judgment of the trial court herein should be affirmed, independent of the provisions of the statute above set out. It is true, as asserted by appellant, that all oral agreements prior to the execution of a written contract are presumed to have been embodied in such contract. Ins. Co. v. Prather, 25 Tex. Civ. App. 446, 62 S. W. 89; Casualty Co. v. Thomas, 178 S. W. 603; Keller v. Ins. Co., 27 Tex. Civ. App. 102, 65 S. W. 695; Ins. Co. v. Post, 25 Tex. Civ. App. 428, 62 S. W. 140. This presumption, however, is not conclusive, but may be rebutted by showing that the agreement by reason of mutual mistake, fraud, or accident failed to embody all of the terms of the contract actually made, and reformation of such an instrument may be had where there was a mistake on the part of one of the parties and fraud on the part of the other. Casualty Co. v. Thomas, supra.

[6, 7] Appellant alleged that its El Paso agent had no authority to make any such agreement as was alleged by appellee. It is immaterial whether or not an agent has actual authority to make a contract, if he has apparent authority so to do. Instructions by the principal of such agent not to make a given contract are immaterial, where the contract is within the apparent scope of the agent's authority, and such restrictions are not known to the party with whom they are made. Ins. Co. v. Black, 179 S. W. 534; Ins. Co. v. Wallace, 160 S. W. 1131; Ins. Co. v. Owens, 94 Ky. 197, 21 S. W. 1037; 1 Joyce on Insurance, § 395a, p. 1040.

[8-10] It is true in general terms, that one dealing with an agent must ascertain, not only, that he is such an agent, but the extent of his authority; but he may rely upon such facts as plainly indicate such agency and such authority. The fact that an insurance agent has the policies of the company, signed by its officials, to become effective when countersigned by an agent, is sufficient evidence of such agency. 1 Cooley's Brief on Insurance, p. 347. In fact the agency is not denied in this case, but the contention is that, being an agent in El Paso, there was no presumption that he had authority to write a policy to cover goods located at a place other than in El Paso. In the absence of information that the agent had no authority to write insurance except at the place where his office was located, the insured may presume that he did have authority to cover property located elsewhere. Insurance Co. v. Black, supra.

[11] Under the testimony in this case, we think that the appellee had the right to presume that the agent had authority to make the contract which it is alleged he did make, and which the jury found that he made, and that if he failed to note the terms of such agreement on the policy, or if it was not necessary that he should have done so, for the reason that the goods were then in El Paso, his failure to make such a notation on his records, or to notify his company, or to issue a rider showing permission to remove the goods from El Paso to Waco, resulted in the policy by mutual mistake not expressing the real contract made, or the same was the result of a mistake on the part of the insured, and legal fraud on the part of the agent.

Appellant assigns error upon the refusal of the court to instruct the jury that, if they found that the El Paso agency had no authority to insure plaintiff's furniture and household goods in the event the same were removed from El Paso to Waco, to return a verdict for the defendant.

We do not think that the court erred in refusing to so charge the jury. The undisputed evidence shows that the El Paso agency had no authority to insure property located elsewhere than in El Paso, but this fact was no bar to appellee's recovery, for the reason that the undisputed evidence shows that the

El Paso agents were apparently the general agents of appellant, and that appellee had no knowledge of any restrictions upon their authority as to the locality in which property was situated upon which they could issue policies.

So finding, we affirm the judgment of the trial court. Affirmed.