**ATLAS ASSURANCE CO., Ltd., OF LONDON, ENGLAND, v. THE HUB, Inc.**

No. 15198—Opinion Filed March 31, 1925.

1. **Principal and Agent—Scope of Agent's Authority — Presumption of General Agency.**

A party, in dealing with a known agent, has a right to presume that the agency is general and not special; and the presumption is that one known to be an agent is acting within the scope of his authority (Midland Savings & Loan Co. v. Sutton, 30 Okla. 448, 120 Pac. 1007) ; and where an agent is held out as having authority of a general agent. any private instructions or limitations upon his authority not communicated or known to those dealing with such agent, will not relieve the principal from liability incurred where the agent oversteps such limitations. Daniel v. Pappas, 93 Okla. 165, 220 Pac. 355.

2. **Insurance — Fire Policy — Apparent Scope of Agent's Authority in Issuance —Jury Question.**

Where, in a suit to recover upon a fire policy, the evidence tends to show that insurer's agent who issued the policy was regularly licensed, and is in possession of policies executed by the insurer's officers to become effective when completed by filling the blanks and countersigned by the agent, and that such agent solicited the insurance and issued the policy, the evidence is sufficient to require the trial court to submit to the jury, the question of whether or not the agent was acting within the apparent scope of his authority in issuing the policy, although there may be counter proof tending to show that the agent was unauthorized by the insurer to issue the policy relied upon.

3. **Same—Recovery on Policy Sustained.**

Record examined; and held to support the verdict and judgment; and that the judgment should be affirmed.

(Syllabus by Shackelford, C. )

Commissioners' Opinion, Division No. 4.

Error from Superior Court. Okmulgee County; J. H. Swan, Judge.

Action by The Hub, Inc., a corporation, against Atlas Assurance Company, Ltd., of London, England. Judgment for plaintiff, and defendant appeals. Affirmed.

Rittenhouse & Rittenhouse and G. R. Horner, for plaintiff in error.

Hummer & Foster and R. E. Simpson, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was defendant below, and the defendant in error was the plaintiff. The parties will be designated herein as plaintiff and defendant, as they appeared in the trial court.

The plaintiff brought suit against the defendant for loss and damage occasioned by a fire which destroyed property covered by a fire policy alleged to have been issued by defendant. The policy relied upon was for $2,300, and the goods and property destroyed were of the alleged value of $5,143.37, and plaintiff seeks to recover the full amount of the policy. Among other defensive matters the defendant tendered the defense that one L. C. West, defendant's agent who issued the policy, had no authority to issue the policy on which the plaintiff relies. The answer was replied to by general denial.

The cause was tried to a jury, resulting in a verdict in plaintiff's favor for $2,300, the amount of the policy, less an unpaid premium, and judgment was rendered on the verdict. The defendant appeals and assigns many errors; but in the argument in defendant's brief it relies upon one proposition for reversal of the judgment, stated thus:

"The only proposition to be argued and presented herein is that the evidence shows conclusively that L. C. West had neither the actual nor ostensible authority to issue the policy in question."

The policy of insurance was issued by L. C. West, an agent of the defendant residing at Drumright and duly authorized to issue fire insurance policies in the town of Drumright and in that vicinity. The plaintiff's stock of goods which was covered by the policy was located in the town of Bristow, in which town the defendant had another duly authorized agent. The single reason given for saying that L. C. West had neither actual nor ostensible authority to issue an insurance policy insuring the stock of goods in the town of Bristow is that such agent was invading the territory assigned to another duly authorized agent. The proof tends to show that the agent, L. C. West, called on the plaintiff's manager at the store at Bristow, and found plaintiff was carrying $1,500 insurance, and suggested to such manager that plaintiff should have more in-

surance, and the visit by the agent resulted in the agent issuing the policy sued on, for the sum of $2,300. The proof also tends to show that the agent and the plaintiff's manager were long time acquaintances and the agent had written insurance on the plaintiff's property in Henryetta, perhaps in some other company, but had also insured the plaintiff's store in the town of Slick in the defendant company. The validity of the policy, issued by L. C. West, as defendant's agent, insuring the plaintiff's stock of goods at Slick is not questioned for the reason stated that defendant had no agent in the town of Slick. The effect of the evidence was to show that L. C. West held himself out to plaintiff's manager as an agent duly authorized to issue the policy on which the plaintiff relies; and tended to show that plaintiff's manager was careful to keep its property protected by fire insurance, even though he was not all the time careful to promptly pay premiums; but it seems that the agent and plaintiff's manager treated and considered payment in 30 or 60 days as cash, and the agent was carrying the plaintiff on account for the premium on the policy relied upon. From the record it seems reasonably sure that plaintiff's manager, in good faith, thought that the agent had the authority to issue the policy as he did, and that it was valid and binding and covered the stock of goods to the amount of $2,300. The insurance department of the state had licensed L. C. West as agent for defendant in the state of Oklahoma. The authorization given by the defendant was to issue policies in the town of Drumright and vicinity. The policies put out by the agent were valid only when countersigned by him, that is, he was a policy issuing agent, and not a mere soliciting agent for defendant. Then, it is not so much a question of the agent's actual authority to issue the particular policy, as a question of his ostensible authority. He was armed with a license as an agent for defendant, and was carrying policies of insurance ready to deliver when the blanks were filled out and countersigned by himself. He solicited the plaintiff's manager for the insurance, tacitly, at least, asserting his authority to make up, countersign, and deliver a valid policy of insurance; and did make up and countersign the policy and held it for plaintiff and carried the premium on account.

If the agent was acting within the apparent scope of his authority, and acting with ostensible authority, it can matter little what his private instructions from his principal might be. The courts have had frequent occasion to deal with the question presented here. In *Midland Savings & Loan Co. v. Sutton,* 30 Okla. 448, 120 Pac. 1007, the court said:

"Parties dealing with a known agent have a right to presume that the agency is general, and not special, and the presumption is that one known to be an agent is acting within the scope of his authority."

In Daniel v. Pappas, 93 Okla. 165, 220 Pac. 355, this court held that:

"In this connection, one dealing with a known agent has a right to presume that the agency is general and not special and the presumption is that one known to be an agent is acting within the scope of his authority. Where an agent is held out as having authority of a general agent, any private instructions or limitations upon his authority not communicated or known to those dealing with such agent will not relieve the principal from liability incurred where the agent oversteps such limitations. Minn. Thresh. Mach. Co. v. Humphrey, 27 Okla. 694, 117 Pac. 203; Emerson-Brantingham Imp. Co. v. Ritter, 69 Okla. 95, 170 Pac. 482; Midland Savings & Loan Co. v. Sutton et al., 30 Okla. 448, 120 Pac. 1007; Nat. Surety Co. v. Miozrany, 53 Okla. 322, 156 Pac. 651."

In Standard Fire Ins. Co. of Hartford, Conn., v. Buckingham (Tex. Civ. App.) 211 S. W. 531, the agent of the insurance company wrote insurance on a stock of goods in El Paso and afterwards the stock was moved to Waco, and the agent agreed that the insurance should be good in Waco. The company made the same contention as is made here, that the agent was without authority to make the contract. The court said:

"Appellant alleged that its El Paso agent had no authority to make any such agreement as was alleged by the appellee. It is immaterial whether or not an agent has actual authority to make a contract, if he has apparent authority so to do. Instructions by the principal of such agent not to make a given contract are immaterial, where the contract is within the apparent scope of the agent's authority, and such restrictions are not known to the party with whom they are made. Ins. Co. v. Black, 179 S. W. 534; Ins. Co. v. Wallace. 160 S. W. 1131; Ins. Co. v. Owens, 94 Ky. 197, 21 S. W. 1037; 1 Joyce on Insurance, 395a, p. 1040.

"It is true in general terms, that one dealing with an agent must ascertain, not only that he is such an agent but the extent of his authority; but he may rely upon such facts as plainly indicate such agency and such authority. The fact that an insurance agent has the policies of the company signed by its officials, to become effective when

countersigned by an agent, is sufficient evidence of such agency. 1 Cooley's Brief on Insurance, p. 347. In fact the agency is not denied, in this case, but the contention is that, being an agent in El Paso, there was no presumption that he had authority to write a policy to cover goods located at a place other than El Paso. In the absence of information that the agent had no authority to write insurance except at the place where his office was located, the insured may presume that he did have authority to cover property located elsewhere. Insurance Co. v. Black, supra."

In Lightbody v. North American Insurance Company 23 Wend. (N. Y.) 18, the agent resided in Troy, N. Y. He issued a policy of insurance covering property in Utica, N. Y., about a hundred miles away. The position taken by the insurer was that the policy was ineffective because the agent had no authority to issue policies covering property in Utica. The court held that:

"An insurance company is bound by a policy issued by an agent appointed to effect insurances for a particular city and its vicinity, although he insured property at a distance of 100 miles in another city, for which and its vicinity the company had another agent, if the agent issuing the policy claims to have authority to effect the insurance and the fact of the existence of the other agency is not brought home to the knowledge of the assured."

In the opinion in that case, the court said:

"The question is not so much what authority the agent had in point of fact, as it is what powers third persons had a right to suppose he possessed, judging from his acts and the acts of his principals. * * * It is difficult to conceive how the defendants could have conferred a more unlimited authority upon the agent, so far as third persons are concerned, than they did by furnishing him with policies already executed by the officers of the company, and ready to be delivered to any one who might wish to contract, after his name, the subject insured, extent of the risk, and date of the transaction had been inserted in the contract."

In International Fire Ins. Co. v. Black (Tex. Civ. App.) 179 S. W. 534, the insurance agents resided in Harrison county, Tex., and issued a policy of insurance covering farm property, in Panola county. After destruction of the property the same contention was made by the insurer as is made here. The court said:

"Where a party dealing with an insurance agent authorized to issue policies and having policies in his possession, did not know of any restriction upon his authority with respect to the territory in which he might

write insurance or the classes of property which he might insure he had a right to assume that the agent was authorized to issue the policy actually issued, and the insurance company was estopped from asserting the contrary."

The agent in the case cited was in possession of the insurer's policies. In the opinion the court said:

"But if we are wrong about this, and if it should be said that it conclusively appears that Littlejohn was without authority to issue the policy in question because the property covered by it was in Panola county, we do not think his lack of authority should be held to have defeated a right on the part of defendant in error to recover on the policy as he did. For it appears from the record that defendant in error dealt with Littlejohn on the faith of his being what his possession of the plaintiff in error's policies indicated him to be. to wit, its agent with authority to issue its policies, and in complete ignorance of any restriction on his authorty as such agent."

The evidence in this case is to the effect that West, who issued the policy relied upon, was defendant's agent with authority to issue policies and collect premiums, and was in possession of defendant's policy forms with authority to complete the policy by filling in the blanks and countersign it; and held himself out as defendant's agent with authority to issue policies covering property in Bristow, by soliciting insurance on such property; and actually issued the policy. The cases above cited are directly in point. The principle involved is the same. So. it seems, that is could matter little what limitations the defendant had placed upon West's authority to issue policies. It is not a question of what actual authority West had from the defendant unless such actual authority was known to the plaintiff's manager; and there seems to be no evidence that plaintiff's manager knew of limitations placed upon West's authority. The matter here presented is whether or not there is evidence in the record which justifies the trial court in submitting to the jury the question as to whether the defendant's agent was acting within the apparent scope of his authority in issuing the policy. Upon the record here presented, and upon the authority of the cases cited, we conclude that the trial court was amply justified in submitting the question to the jury. The instructions of the trial court, submitting the matter to the jury, are not complained of. The verdict for plaintiff, under the instructions given, is, in effect, a finding made by the jury that defendant's agent was acting within the apparent scope of the authority given him by defendant

when he issued the policy relied upon; and we do not feel at liberty to disregard the verdict.

The judgment is based upon the verdict. We recommend that the judgment be affirmed.

By the Court: It is so ordered.