**NATIONAL GUARANTY FIRE INS. CO. OF NEWARK, N. J., v. KING et al.   (No. 866.)**

Court of Civil Appeals of Texas.   Waco.   Dec. 12, 1929.

Rehearing Denied Jan. 30, 1930.

W. L. Eason, of Waco, for appellant.
Frazier & Averitte, of Hillsboro, for appellees.

STANFORD, J. Ed King brought this suit against appellant on a fire insurance policy. J. W. Griffin and Mrs. M. L. Dolphyn were also made defendants upon the ground each, under a mortgage loss clause attached to and made a part of said policy, had an interest in any recovery that might be had. The pleadings will be referred to where necessary in the course of this opinion. The case was submitted to a jury upon two special issues, in response to which the jury found: (1) The firm of Keith & Reed was the agent of the defendant insurance company at the time the policy in suit was issued. (2) The firm of Keith & Reed did have authority from the defendant insurance company to issue the policy in suit at the time same was issued. The court entered judgment for appellees, from whch appellant has duly appealed.

Under its second proposition, appellant contends, in effect, the certificate of the chairman of the board of commissioners of life insurance of the state of Texas, and the license of said commissioners, showing the appointment of F. W. Reed as agent of appellant, are not sufficient to create the relationship of principal and agent between the insurance company and F. W. Reed, and same were not admissible in evidence, because the insurance department cannot, as a matter of law, appoint an agent for an insurance company. It is probably true said certificate and license would not of themselves establish agency as a matter of law, but the facts of the issuance of the certificate or permit to appellant, a foreign insurance company, to do business in Texas, and the issuance of a license by the commissioner showing the appointment of F. W. Reed as agent for appellant in this state, were at least circumstances proper to be considered by the jury in determining the issue of agency on the part of F. W. Reed. Said certificates were issued and duly authenticated by the commissioner of insurance of this state, and were properly

admitted in evidence. Articles 4695, 5065, 5068, 5055, and 5056, Revised Civil Statutes. The chairman of the board of commissioners of insurance of Texas issued his certificate under the seal of his office, setting forth that M. H. Keith, of Waco, Tex., and F. W. Reed of Waco, Tex., had been authorized to act as agents for the National Guaranty Fire Insurance Company of Newark, N. J. Said department issued its further certificate to the effect that "whereas the National Guaranty Fire Insurance Company of Newark, New Jersey, has fully complied with the provisions of the law of this state, and pursuant to the terms of its certificate of authority, is authorized to transact its appropriate class of insurance business in this state under its permit," etc.; and further certified: "Wherefore, I, the undersigned Commissioner of Insurance of the State of Texas, do hereby certify that F. W. Reed, of Waco, Texas, having been duly appointed therefor, is hereby authorized to transact the business of insurance for said organization in accordance with its permit as its agent," etc. So said certificate was evidence proper to be considered by the jury as tending to show, if it does not establish as a fact, that Keith & Reed had been appointed by appellant as its agents and authorized to transact its business in this state.

■ Under its third proposition, appellant contends: Defendant having interposed a general denial, its allegations in its special answer pleading agency and reception of premiums by Keith & Reed were not admissible in evidence against it. This is a correct proposition of law. Silliman v. Gano, 90 Tex. 637, 39 S. W. 559, 40 S. W. 391; Houston E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877; Hines v. Warden (Tex. Civ. App.) 229 S. W. 957, 959. But appellant's bill of exception, as modified by the trial court, shows that said excerpts from appellant's answer pleading said agency and reception of premiums were admitted in evidence without objection, whereupon appellant offered in evidence its entire answer, whereupon appellee objected to said entire answer being admitted unless its consideration was limited to an explanation of defendant's pleading of said agency and reception of premiums. At any rate, appellant has no bill of exception to the admission of said excerpts. This being the condition of the record, we are not at liberty to consider this proposition.

■ Under its fourth and fifth propositions, appellant contends: The court erred in admitting in evidence a letter purporting to have been written by appellant from its home office, to Frazier & Averitte, appellees' attorneys. The record shows that appellees' said attorneys had full proof of loss prepared, and wrote appellant at its home office, inclosing said proof of loss, and registered said letter, requesting a return receipt, and received said return receipt duly signed by appellant, and in reply to said letter appellees' said attorneys received the following reply, written on the stationery of appellant:

"May 16/28

"Messrs. Frazier & Averitte, Hillsboro, Texas. Re: Policy No. 2279, Ed King.

"We have your favor of the 11th inst., in connection with the above, and in reply beg to state that we have referred same to Messrs. Moody, Webb & Company, American National Insurance Building, Galveston, Texas, for the necessary attention. Will you please therefore, communicate with these gentlemen in the future regarding this claim, and oblige.

"Yours very truly,

"G. B. Morton, Claim Manager."

It was appellees' contention that Moody, Webb & Co. were general agents of appellant, and as such had employed Keith & Reed as appellant's local agents in Waco. While the above letter of itself does not prove said parties were such general agents, yet said letter did tend to prove Moody, Webb & Co. represented appellant in some respect, and, in connection with other evidence, was sufficient to show said parties were the general agents of appellant. In this connection F. W. Reed testified, in substance, that on the date the policy was issued he was a member of the firm of Keith & Reed; that said firm on said date had their office in the Southern Union Life Insurance Building in Waco, Tex., and was engaged in fire insurance business; that he prepared the policy sued upon, and the signature on it is the signature of his firm; that he wrote said signature, countersigning said policy; that he delivered said policy to Ed King and collected the premium, $79.20; that said premium took the regular course; that at the end of the month his firm made a statement showing his firm entitled to one-fourth of the premium, and the company three-fourths; that his firm retained one-fourth of the $79.20 and remitted the balance of the premium to Moody, Webb & Co. at Galveston, Tex.; that he had written other policies of insurance as agent for the National Guaranty Fire Insurance Company of Newark, N. J., besides this one, and remitted all premiums collected on policies written for this company to Moody, Webb & Co. at Galveston; that he knew of at least two losses that had occurred under policies that he had written for the National Guaranty Fire Insurance Company, and these losses were paid; that said losses were reported to him, and he reported them to Moody, Webb & Co. at Galveston; that, within 24 hours after he wrote the policy involved in this case, he reported the risk out in the usual way to Moody, Webb & Co. at Galveston; that he had never at any time received any word, either from Moody, Webb & Co. or from the National Guaranty Fire Insurance Company of Newark, N. J., that they were not authorized

to write this policy or that they would not recognize it; that his firm had blank forms of the National Guaranty Fire Insurance Company of Newark, N. J., prior to and at the time he wrote the policy in question; that he got said forms from Moody, Webb & Co. at Galveston, Tex.; that he reported the location of the property covered by this risk to Moody, Webb & Co. at Galveston, and remitted to them three-fourths of the premium, which was never returned to him by Moody, Webb & Co.; that he had a commission in writing to act as the agent for the National Guaranty Fire Insurance Company of Newark, N. J., at the time he wrote the policy involved in this suit; that said commission was mailed to him from Moody, Webb & Co. at Galveston; that he did not have the commission at the time he was testifying, but did have it at the time he wrote the policy in question. The letter from appellant to appellees' attorneys, above set out, was properly admitted in evidence.

■ Under its propositions 6 to 9, inclusive, appellant contends: (1) The court erred in permitting the witness F. W. Reed to testify that he wrote the policy in suit and collected the premium, because the defendant denied under oath the policy was executed under its authority, and it was not shown the witness was its agent to write the policy or collect the premium. (2) The court erred in permitting said witness Reed to testify he had written other policies of insurance as agent of appellant besides the one in this suit, because such testimony was immaterial, irrelevant, prejudicial, and involved a collateral matter. (3) The court erred in permitting the witness Reed to testify he had blank forms of appellant's policies of fire insurance, and that he obtained same from Moody, Webb & Co. at Galveston, and that he wrote the policy in suit on one of such forms and reported the risk to Moody, Webb & Co. at Galveston, and remitted to them the premium he collected, because the defendant denied under oath that the policy in suit was executed under its authority, etc. (4) The court erred in permitting plaintiff to introduce in evidence the policy in suit, because the defendant denied under oath the policy was executed by its authority, etc. It is well settled in this state, and in the appellate courts of practically all of the states, that agency and the extent of an agent's authority may be shown by circumstantial evidence, and this is true although such agency be denied under oath. In fact, the denial under oath is not evidence the agency did not exist, but is essential as a pleading to raise the issue and require proof of agency. The fact that F. W. Reed wrote the policy and delivered same to the assured and collected the premium; the fact he had as agent of appellant written other policies; the fact that he had blank forms of appellant's policies in his office, properly signed by appellant's executive officers, prior to and at the time he wrote the policy in question; the fact he obtained said blank forms from Moody, Webb & Co. of Galveston; the fact he reported the risk and sent the premiums to said Moody, Webb & Co. of Galveston; the fact appellee had the policy duly signed by the executive officers of appellant, and countersigned by Keith & Reed, as local agents; and other facts shown—were all matters proper to be considered by the jury in determining whether or not Keith & Reed were duly constituted agents of appellant, with authority to issue said policy. Standard Fire Ins. Co. v. Buckingham (Tex. Civ. App.) 211 S. W. 531; American Nat. Ins. Co. v. Allen (Tex. Civ. App.) 226 S. W. 823; International Fire Ins. Co. v. Black (Tex. Civ. App.) 179 S. W. 534; 32 C. J. p. 1058, § 134. We overrule all of appellant's propositions contending the court erred in the admission of evidence.

■ Under its propositions 13 to 16, inclusive, appellant contends the evidence is insufficient to support the finding of the jury that Keith & Reed or F. W. Reed were the agents of the defendant, and had authority to issue the policy in suit. In addition to the facts heretofore stated, the record shows that Keith & Reed were resident insurance agents in Waco, Tex. They had in their possession many of appellant's blank policies, signed by F. Spencer Baldwin, president, and John R. Shields, secretary, with the usual blank to be countersigned by the local agent to make them valid contracts. On the back of said blank policies, and also the one here involved, were written the words: "National Guaranty Fire Insurance Company, Stock Company, Moody, Webb & Company, Managers, Galveston, Texas." Keith & Reed received all said blank policies from Moody, Webb & Co. of Galveston, Tex. Keith & Reed, as local agents at Waco for appellant, wrote many policies for appellant. On at least two of said policies written by Keith & Reed losses occurred and were paid by appellant. The policy in question, as well as all others written by Keith & Reed for appellant, together with the premiums collected on same, were promptly reported and premiums sent to Moody, Webb & Co. at Galveston. No part of said premiums were ever returned or tendered back. Appellant had full knowledge of the issuance of this policy; at least at the time it received the proof of loss at its home office on May 16, 1928, it did not then, nor at any other time, contend Keith & Reed were not its duly authorized agents until it filed its answer at the time this case was tried on January 17, 1929. Said proof of loss was by appellant referred to Moody, Webb & Co. of Galveston. These were the very people from whom Keith & Reed received their commission as agents, and from whom they had received their supplies as such agents, and to whom they reported all policies written and

remitted all premiums collected. The record shows further the department of insurance in this state duly certified "that appellant had been granted a permit to transact its appropriate class of insurance in this state under its permit," etc., and further certified: "Wherefore, I, the undersigned Commissioner of Insurance of the State of Texas, do hereby certify that F. W. Reed of Waco, Texas, having been duly appointed therefor is hereby authorized to transact the business of insurance for said organization in accordance with its permit as its agent," etc. F. W. Reed testified that he received a written commission from Moody, Webb & Co. of Galveston, appointing him and the firm of Keith & Reed local agents to write fire insurance for appellant. There was no evidence whatever tending to show said parties were not such duly authorized agents. The findings of the jury are amply supported by the evidence. These propositions are overruled.

■■ Appellant contends further that the court erred in refusing to submit the following issue: "Did the fire cause a total loss of the building?"

E. R. Roberts, a contractor and builder, who examined the scene of the fire after it occurred, testified as follows: "There was nothing at all of any practical use or value left on the ground after the fire, nothing that I would consider worth anything. There was nothing left that it would have been practical to use in reconstructing a building on the same ground, nothing that I would consider was of any value at all or worth anything at all."

There was no evidence by any one that there was anything of value left after the fire. The issue sought by appellant to have submitted not being raised by any evidence, the court was correct in refusing to submit same, and properly determined that the full amount of said policy had become a liquidated demand. Article 4929, Revised Civil Statutes; Hamburg-Bremen v. Garlington, 66 Tex. 103, 18 S. W. 337, 59 Am. Rep. 613; Continental Insurance Co. v. Nabors (Tex. Civ. App.) 6 S.W.(2d) 151; Southern Underwriters v. Jones (Tex. Civ. App.) 13 S.W.(2d) 435.

Appellant contends further, in effect, the court erred in finding in its judgment that on February 15, 1928, in consideration of the payment of $79.20 demanded and received by it, appellant executed and delivered to Ed King its certain fire insurance policy No. 2279, in which said policy the said defendant agreed to pay to the plaintiff and the mortgagee mentioned in the union mortgage clause attached to said policy the sum mentioned, in the event of the destruction by fire of the property described in said policy, and that said sum of $79.20 as the premium on said policy was so received by the defendant, and ever since has been and now is retained in its possession, and it has never tendered the same or any portion thereof back to the plaintiff. The record shows conclusively that on February 15, 1928, the firm of Keith & Reed, acting as the local agents of appellant at Waco, Tex., for the consideration of $79.20, paid by Ed King to said purported agents, executed and delivered to said Ed King the insurance policy No. 2279, made the basis of this suit, in which said policy defendant, appellant here, agreed to pay the appellee and the mortgagee mentioned in the union mortgage clause attached to said policy the sum therein mentioned in the event of loss by fire. The record further conclusively shows the policy premium demanded by said alleged agents of appellant was $79.20, which was paid by appellee to said agents, and that said $79.20, nor any part of same, has ever been repaid or tendered back to appellee, the insured. The findings of the jury, which are approved by the court and copied in its judgment, established the facts that Keith & Reed were local agents of appellant, and as such local agents were authorized to execute and deliver said policy and collect the premium therefor. With these facts established by the finding of the jury, it necessarily follows that appellant, through its agents, executed and delivered said policy, collected the premium it demanded, $79.20, and that it has never returned or offered to return any part of same. In the findings of which complaint is made, the court only applied the law to the findings of the jury and the undisputed facts. Appellant shows no grounds for complaint.

■■ In a number of propositions appellant complains of alleged misrepresentations in the procurement of the policy in question, and by virtue of which it sought to avoid the same. In reply to the above contentions, we think it is sufficient to say the record fails to show that appellant, by either pleading or evidence, sought to show that, after discovering said alleged misrepresentations, it gave the notice that it would not be bound by said policy as required by statute. Article 5044, Revised Civil Statutes; National Life Ass'n v. Hagelstein (Tex. Civ. App.) 156 S. W. 353; National Surety Co. v. Murphy-Walker Co. (Tex. Civ. App.) 174 S. W. 997; Milwaukee Mechanics' Insurance Co. v. Weathered (Tex. Civ. App.) 234 S. W. 568; Southern Underwriters v. Jones (Tex. Civ. App.) 13 S.W.(2d) 435. The above statute provides:

"In all suits brought upon insurance contracts or policies hereafter issued or contracted for in this State, no defense based upon misrepresentations made in the applications for, or in obtaining or securing the said contract, shall be valid, unless the defendant shall show on the trial that, within a reasonable time after discovering the falsity of the representations so made, it gave notice to the assured, * * * that it refused to

be bound by the contract or policy; provided, that ninety days shall be a reasonable time."

If there were any misrepresentations made by the assured or his agent in procuring the policy, as to the value of the property insured, or the purpose for which it was to be used, etc., appellant's agent, who executed and delivered the policy, knew of same, for said agent knew said property and had been in same a few months before the policy was issued, and appellant was chargeable with notice of whatever its said agents knew. Appellant made no attempt by either pleading or evidence to show that it had complied or attempted to comply with the provisions of the above statute, but, on the contrary, accepted said premium, and has never returned or offered to return same.

We have considered all of appellant's assignments, and, finding no reversible error, overrule same, and affirm the judgment of the trial court.