ORIENT INSURANCE COMPANY v. BERTHA LEE PRATHER ET AL.

Decided April 5, 1901.

1.—Fire Insurance—Clause Against Additional Insurance—Parol Evidence Varying.

Parol evidence that the insured informed the agent of the insurance company soliciting the insurance that she intended to take out additional insurance is not admissible to vary the terms of the policy subsequently issued and containing a clause stipulating against additional insurance unless agreed to by the company in writing indorsed on the policy.

2.—Same—Waiver.

The issuance of the policy with such notice of the intention of the insured to take out additional insurance does not warrant the presumption of a waiver of such stipulation.

3.—Same—Stipulation Against Additional Insurance Valid.

The provision in an insurance policy against additional insurance is reasonable and proper, and its violation renders the entire policy void.

Appeal from Anderson. Tried below before Hon. A. D. Lipscomb.

*N. A. Stedman, W. B. Teagarden,* and *G. H. Gould,* for appellant.

*Campbell & McMeans,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellees brought this suit to recover upon a policy of fire insurance issued by appellant, whereby appellees' stock of goods and store fixtures situate in a storehouse occupied by them in the city of Dallas was insured against loss by fire in the sum of $300. The policy sued on contained the following provision: "This entire policy, unless otherwise provided by agreements indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

The defendant in the court below pleaded, among other defenses set up in its answer, a violation by plaintiffs of the provision of the policy above quoted, and averred that plaintiffs had, without the knowledge of defendant, obtained other and additional insurance on the same prop-

erty, and that no permission or consent was ever granted for such additional insurance either orally or in writing.

Upon the trial of the cause in the court below the plaintiff, Bertha Prather, and her witness, Mrs. W. H. Darrah, were permitted to testify, over the objections of defendant, in substance that one Evan Morgan, an agent of defendant who solicited the insurance evidenced by the policy sued on, in a conversation with said Bertha Prather three days before the execution of the policy, told her that the taking out of additional insurance on the same property after taking out a policy with the defendant would not destroy said policy; that appellee then told Morgan that she intended to take out additional insurance on her stock in the spring, and asked if she would have to go to him and get consent or permission or notify him when she got ready to take out such additional insurance on her stock, to which the said Morgan replied: "No, that she could go to anyone else and take out insurance as much as she pleased, and did not have to go to him or the defendant company or any of its agents and notify them of the taking out of additional insurance."

This testimony was objected to by the defendant on the ground that it varied and contradicted the terms of the written contract evidenced by the policy of insurance, entered into by plaintiff and defendant after said alleged conversation occurred, and that all prior parol negotiations and conversations concerning the terms of the written contract were merged in said contract when the same was executed, and could not be proved to alter or vary the terms of the contract.

It is unnecessary to cite authorities upon the general proposition that in the absence of allegations and proof of fraud, accident, or mistake, evidence of an antecedent parol agreement is inadmissible to vary or alter the terms of a written contract. That this rule is as applicable to insurance policies as to other written contracts is well settled. The Supreme Court of the United States in the case of Insurance Company v. Mowry, 96 United States, 547, in discussing the question as to the admissibility of evidence to prove a parol promise made at or before the issuance of the policy as to the waiver of the payment of premiums uses this language:

"By the express condition of the policy, the liability of the company was released upon the failure of the insured to pay the premium when it matured, and the plaintiff could not recover unless the force of this condition could, in some way, be overcome. He sought to overcome it by showing that the agent, who induced him to apply for the policy, represented to him, in answer to suggestions that he might not be informed when to pay the premium, that the company would notify him in season to pay them, and that he need not give himself any uneasiness on that subject; that no such notification was given to him before the maturity of the second premium, and for that reason he did not pay it at the time required. This representation, before the policy was issued. it was contended in the court below, and in this court, constituted an

estoppel upon the company against insisting upon the forfeiture of the policy. But to this position there is an obvious and complete answer. All previous verbal agreements were merged in the written agreement. The understanding of the parties as to the amount of the insurance, the conditions upon which it should be payable, and the premiums to be paid, was therein expressed, for the very purpose of avoiding any controversy or question respecting it. The entire engagement of the parties, with all the conditions upon which its forfeiture could be claimed, must be conclusively presumed to be therein stated. · * * * The previous representation of the agent could in no respect operate as an estoppel against the company. Apart from the circumstances that the policy subsequently issued alone expresses its contract, an estoppel from the representations of the party can seldom arise, except where the representations were based upon a matter relating to a present or a past state of things. If the representation relates to something to be afterwards brought into existence, it will amount only to a declaration of an intention or an opinion, liable to modification or abandonment upon a change of circumstances, of which neither party can have any certain knowledge. The only case in which a representation as to the future can be held to operate as an estoppel is where it relates to an intended abandonment of an existing right, and is made to influence others, and by which they have been induced to act. An estoppel can not arise from the promise as to future action, with respect to a right to be acquired by an agreement not yet made."

The same rule is announced in the case of Thompson v. Insurance Company, 104 United States, 252, and by the Supreme Court of Arkansas in the case of Insurance Company v. Bromwell, 34 Southwestern Reporter, 83.

Appellees do not contend that the rule which forbids the proof of a prior parol agreement to vary or contradict the terms of a written contract is not applicable to insurance policies, but insist that notice of an intention to take out additional insurance may be given as well before as after the first insurance is taken out, and that the issuance of the policy of insurance by the appellant with knowledge of the fact of appellees' intention to take out additional insurance was a waiver of the provision in said policy against additional insurance. The case of Insurance Company v. Griffin, 66 Texas, 232, cited and relied on by appellees does not sustain their contention. In that case it is simply held that a condition in an insurance policy that no other insurance shall be obtained upon the same property without the consent of the company issuing said policy is satisfied by a notice of intention to take other insurance consented to by the former company, and verbal consent of the agent with knowledge on his part that it will be acted upon is a waiver of the requirement that the consent of the company shall be expressed in writing on the policy. There is nothing in that opinion from which it can be inferred that proof of a parol agreement as to additional insurance made prior to or contemporaneous with the written

contract of insurance and which contradicted the terms of the written contract would be held to be such notice of an intention to take out additional insurance as would satisfy the provision in the contract of insurance that no additional insurance should be obtained upon the property covered by the policy without the consent of the company issuing said policy.

In the cases of ·Insurance Company v. Mowry and Insurance Company v. Bromwell, supra, the court distinguishes between the. acts of an agent waiving an existing forfeiture, or one that would exist by reason of the existence of certain facts, and the parol agreement of an agent that certain conditions in a written ·contract about to be executed would not be enforced. Upon this subject the court in the Bromwell case say: "This doctrine of estoppel and waiver has no application when the declaration of the agent refers to rights pertaining to a contract yet to be made to which the person complaining is to be a party, for in such case he has it in his power to protect himself by proper stipulations in the contract when it is reduced to writing."

We think the distinction is clear. If at the time the policy of insurance sued on in this case was issued appellees had additional insurance on the same property, and the agent of the company knew such fact, the delivery of the policy under such circumstances would be held a waiver by the company of the provision against additional insurance existing at the time the policy was issued, because the existence of such additional insurance would render the policy void in its inception if said provision was insisted upon, and to presume that such provision was not waived would be to impute to the company the fraudulent intent to deliver and receive pay for an invalid policy. Insurance Co. v. Ende, 65 Texas, 123. The application of this doctrine can not be made to the case at bar, as the policy when delivered was not void under any of its provisions by reason of any existing fact, and no waiver of its provisions can be presumed against appellant.

We think the evidence objected to was clearly inadmissible for any purpose, and appellant's objecions to its introduction should have been sustained.

The undisputed facts in this case show that after the policy of insurance sued on was issued, appellees, without the consent of appellant, obtained additional insurance upon the same property, and  appellant had no notice of such additional insurance prior to the loss of said property by fire. The provision in the insurance policy against additional insurance has been held by the courts to be reasonable and proper (Insurance Company v. Griffin, supra), and by the terms of said provision its violation rendered the entire policy void.

The judgment of the court below will be reversed and judgment here rendered in favor of appellant, and it is so ordered.

*Reversed and rendered.*