THEODORE KELLER v. LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY.

Decided November 8, 1901.

1.—Fire Insurance—Clear Space Clause—Warranty.

Where the policy of insurance upon lumber on which plaintiff's action was brought contained a clear space clause which was a warranty, and the evidence showed that plaintiff had failed to comply therewith, the court properly instructed a verdict for the insurance company. See evidence held to show such failure of compliance, and as not showing fraud or mistake on the part of the agent in inserting such clause.

2.—Same—Warranty—Written Contract—Evidence.

Evidence of an implied agreement waiving the clear space clause, made prior to issuance of the policy, was not admissible to contradict the terms of the written contract.

Appeal from Harris. Tried below before Hon. W. H. Wilson.

*E. P. Hamblen* and *W. P. & A. R. Hamblen,* for appellant.

*Alexander & Thompson,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought this suit upon a fire insurance policy for $5000 issued by appellee covering lumber stacked in the mill yard of W. E. Trotti, at Mobile, Tyler County, Texas. The lumber was insured as the property of Trotti, but by the terms of the policy the loss, if any, was payable to appellant, as his interest should appear. The petition alleges that the lumber was destroyed by fire on the 14th day of July, 1899, and that Trotti was indebted to appellant at the time of said loss in the sum of $5000, and that said policy was taken out for appellant's benefit, and sets out facts sufficient to show the liability of appellee to appellant for the amount of said policy. It further alleges that the appellee had waived the "iron safe clause" contained in said policy, and that the "clear space clause" was attached to said policy either through the fraud or mistake of the agent of appellee; that when the insurance was contracted for the agent of the company examined and measured the clear space on the ground and agreed to insure the lumber as it then stood, and fixed the charges accordingly, and that the premium had been paid and the agent knew that there was not two hundred feet of clear space; that the policy was mailed to W. E. Trotti by the insurance company, who, without

reading the same, and without knowledge that the clear space clause had been attached to the policy, mailed the same to the plaintiff in this case; and that the plaintiff in this case, without reading said policy, put the same away in his safe, and that neither Trotti nor appellant had knowledge that said clause was attached to said policy until after the fire, which occurred July 14, 1899. The defendants by appropriate pleading fully raised the issue that the "clear space clause" was a warranty, which had not been complied with, and therefore the policy was forfeited; and the further answer that the books, inventory, etc., had not been kept as required by the terms of said policy, and that such provisions in the policy were warranties, and therefore the policy of insurance was forfeited, and tendered back into court to plaintiff the premium paid for such insurance.

Upon the trial of the case the jury, under peremptory instructions by the court, returned a verdict for the appellee and judgment was rendered in acordance with said verdict that appellant take nothing by his suit.

Upon the issue discussed in this opinion the following is a sufficient statement of the facts disclosed by the record. The policy sued on was issued on the 5th day of June, 1899, and contained the following clause:

"Two Hundred Foot Clear Space Clause.—Warranted by the assured that a continuous clear space of 200 feet shall hereafter be maintained between the property hereby insured and any wood working or manufacturing establishment or dry kiln, and that said space shall not be used for the handling or piling of lumber thereon, for temporary purposes, tramways upon which lumber is not piled alone excepted. And this shall not be construed to prohibit the loading or unloading within or transporation of timber and its products, across such clear space. It being specially understood that any violation of this warranty shall render this policy null and void."

On the 14th day of July, 1899, the lumber covered by the policy was entirely destroyed by fire. At the time of the fire the space between the stacks of lumber in the yard and the planer, which was a woodworking establishment, was 128 feet, and no greater space than this had been maintained at any time subsequent to the issuance of the policy. Some time in March, 1899, appellee's agent, W. H. Crouch, who resides at Nacogdoches, Texas, about sixty miles from Mobile, where the lumber yard was located, received a letter from W. E. Trotti asking for insurance upon lumber stacked in his yard. In accordance with the request contained in this letter said agent issued three policies of insurance covering said lumber, one of said policies being for $5000 in the Liverpool and London and Globe Company, and two being for $2500 each in other companies. This $5000 policy, which was issued on March 27, 1899, contained the "200 feet clear space clause" and was identical in terms with the policy sued on in this case. At the time the March policy was issued appellee's agent had never inspected appellant's lumber yard and did not know that a 200 feet clear space was not main-

tained in said yard as required by the terms of the policy, and as a matter of fact the planer had not then been built. Some time in May, 1899, Crouch received a second letter from Trotti asking that the insurance policies on the lumber issued in March be canceled and that the same amount of insurance be placed on his mill. In response to this letter Crouch went to Mobile, canceled the policies on the lumber, and after examining the mill arranged to write insurance on it for $10,000 in lieu of the canceled insurance on the lumber. The rate of insurance on the mill was 5¼ per cent and the rate on the lumber under the canceled policies had been 2¾ per cent. The policies on the mill were issued on the 16th of May. Crouch testified that when he inspected the mill on the 16th of May for the purpose of issuing the policies on it, he paid no particular attention to the lumber or its situation, as he was not then contemplating writing insurance on the lumber, and had taken up the policies theretofore existing in his company on said property. The only time the agent of appellee ever saw the lumber was on the 16th of May, when he inspected the mill. The witness Ferguson, who was the manager of the mill, testified for appellant that when Crouch came to Mobile to investigate the mill property he, Ferguson, told him that they would later on want some insurance on the lumber, and that Crouch stepped the distance between the property for the purpose of taking insurance on the mill and on the lumber; and that at that time the clear space between the lumber and the planer was about fifty feet, and that Crouch told him that if the clear space was 200 feet he could give him a 1 per cent rate, but that as then situated the rate would be 2 3-4 per cent. The regular rate on the lumber as testified by Crouch was 2 3-4 per cent with a 200 feet clear space, and if the clear space was only fifty feet the rate would have been from 5 to 7 per cent.

On the 31st of May Trotti again wrote Crouch asking him to issue an additional $5000 on the mill for the benefit of appellant. To this letter Crouch replied that his companies would not issue insurance on the mill payable to a third party, and suggesting that he take out the additional insurance desired on the lumber. Trotti assented to this, and the policy sued on was issued by Crouch and mailed to Trotti on June 5th. Trotti did not examine the policy but forwarded it at once to appellant who, without examination of its contents, placed it in his safe, and neither Trotti nor appellant knew that the policy contained the "200 feet clear space clause" until after the property was destroyed. The rate charged in this policy was 2 3-4 per cent. The clear space clause appeared in the body of the policy as copied in the record, and while the evidence shows that it was attached to the policy, it appears to have been printed upon the same piece of paper which contains the description of the property insured and appears in its proper connection in the policy, so that the entire policy reads as a complete and connected whole. We think, under the facts appearing in the record, this clause must be regarded as a warranty, and the doctrine announced in Goddard v. Insurance Company, 67 Texas, 69, and Insurance Company

v. McKinley, 14 Texas Civil Appeals, 11, has no application.   Insurance Co. v. Cary, 31 S. W. Rep., 321.

We do not think the evidence as above set out raises the issue of fraud or mistake on the part of the agent of the appellee in inserting in the policy the 200 feet clear space clause, nor of the waiver of said clause by appellee.   Given its strongest probative force the evidence for appellant would only show that the agent of appellee three weeks or more before the issuance of this policy knew that there was not a 200 foot clear space between the planer and the lumber as it was then situated, and told the agent of the insured that if his principal took out a policy on the lumber as it was then situated the rate would be 2¾ per cent, but that if there was a 200 foot clear space the rate would be only 1 per cent.   It does not appear that this statement was ever communicated to Trotti, and when he wrote to Crouch and obtained the insurance nothing appears to have been said in regard to the clear space clause nor as to the existing location of the lumber with reference to the planer.   The rate at which the policy was issued was the rate theretofore paid by Trotti for a simiilar policy and was the usual rate for risks of this character where the 200 feet clear space was required.   The clear space clause appeals plainly on the face of the policy and as a part thereof, and Trotti will not be heard to say that he did not know the contents of the policy.   Insurance Co. v. Holcomb, 89 Texas, 404.

We think the evidence wholly fails to show fraud or mistake on the part of the appellee's agent, and that no waiver of the clear space clause can be implied from said evidence.   We are further of opinion that if this evidence was sufficient to show an implied agreement between appellee's agent and the insured made prior to the written contract of insurance that the clear space clause in the policy would be waived, such evidence would be inadmissible for the purpose of contradicting the terms of the written contract.   Insurance Co. v. Prather, 2 Texas Ct. Rep., 274; 62 S. W. Rep., 89; Insurance Co. v. Post, 2 Texas Ct. Rep., 327; 62 S. W. Rep., 140.

The evidence in this case as to the failure of the insured to comply with his warranty as to the clear space clause being undisputed, the trial court properly instructed the jury to return a verdict for the defendant, and the judgment of the court below will be affirmed.   .

*Affirmed.*

Writ of error refused.