**PROVIDENCE–WASHINGTON INS. CO. v. LEVY & ROSEN.** (No. 140–3062.)

(Commission of Appeals of Texas, Section A. May 26, 1920.)

Insurance ⟾336(1)—Provision of fire policy against other insurance not within Anti-Technicality Act.

The provision of a fire policy that it should be void if insured made or procured any other insurance, whether valid or not, on property covered by the policy was not within the Anti-Technicality Act (Gen. Laws 1913, c. 105, § 1 [Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a]), and it was incumbent upon insured to comply with its terms, being material.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by Levy & Rosen against the Providence-Washington Insurance Company. To review judgment for plaintiff, defendant brought error in the Court of Civil Appeals, which affirmed (189 S. W. 1035), and defendant brings error. Judgments of the trial court and Court of Civil Appeals reversed, and cause remanded for new trial on recommendation of the commissioner of appeals.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

W. L. Eason, of Waco, for defendant in error.

TAYLOR, J. · This is a companion case to Ætna Insurance Co. v. Waco Co., 189 S. W. 315. The writ was granted in that case, as in this, for the reason that a writ of error had been granted theretofore in the case of McPherson v. Camden Fire Insurance Co., 185 S. W. 1055, involving the construction of the Anti-Technicality Act (Gen. Laws 1913, p. 194), section 1 of which is brought forward as article 4874A of Vernon's Sayles' Civil Statutes 1914.

In view of the decision in the McPherson Case, a statement of the facts of this case is unnecessary further than to point out the provision of the policy, the breach of which was relied upon as a defense by the insurance company, the pleadings, and the disposition made of the case.

The policy sued on contains the following provision:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

The defendant company pleaded a breach of the foregoing stipulation; also that it was not within the purview of the act referred to. The district court, being of the view that the stipulation was within the act, instructed the jury to return a verdict for plaintiffs, Levy & Rosen. The Court of Civil Appeals, controlled by its decision in the Waco Company Case, supra, affirmed the judgment. 189 S. W. 1035.

This section of the Commission (Section A) in its recent examination and report in the McPherson Case, supra, reached the conclusion jointly with Section B, that the iron-safe clause of the policy sued on in that case was not within the purview of the act invoked; it being held not applicable to those stipulations, the breach of which could not in any event contribute to bring about the destruction of the insured property.

The provision of the policy above quoted is not of the class embraced within the act invoked, and is therefore, in our opinion, not within its purview. It is a material provision, and it was incumbent upon defendants in error to comply with its terms. Insurance Co. v. Griffin, 66 Tex. 232, 18 S. W. 505; Insurance Co. v. Blum, 76 Tex. 653, 13 S. W. 572; Insurance Co. v. Prather, 25 Tex. Civ. App. 446, 62 S. W. 89; Keller v. L. L. & G., 27 Tex. Civ. App. 102, 65 S. W. 695; Insurance Co. v. Post, 25 Tex. Civ. App. 428, 62 S. W. 140. The court erred in giving the peremptory instruction.

Levy & Rosen by supplemental petition alleged that the company consented that the amount represented by all of the outstanding policies be carried, and that the company, subsequent to the fire, knowing the full amount of insurance carried by them, and with knowledge of all the facts, recognized the validity of the policy sued on. The company denied the allegations.

In view of the error pointed out and the issue raised by the supplemental pleadings, we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and that the cause be remanded for further trial.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the question discussed.