### BOATNER et al. v. HOME INS. CO.
### (No. 288–3544.)

(Commission of Appeals of Texas, Section B. April 12, 1922.)

**1. Insurance** ☞336(1)—**Additional insurance clause in fire policy valid to avoid policy as to insured.**

Where a fire insurance policy provided that the entire policy should be void if the insured hereafter procured any other contract of insurance, a breach of the additional insurance clause avoided the policy as to the insured.

**2. Insurance** ☞606(2) — **Insurer's rights to subrogation to mortgagee's rights not lost by litigating mortgagee's claim.** •

Where policy, as to the insured mortgagor, was forfeited by his taking out additional insurance without insurer's consent, *held* that the insurer's right to subrogation to the mortgagee's rights upon paying the mortgagee under the policy, were not forfeited by the fact that insurer had litigated the mortgagee's claim under the policy.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Actions by R. H. Boatner and C. Weil against the Home Insurance Company. The actions were consolidated. Judgment for plaintiffs, and defendant appeals. From judgment of the Court of Civil Appeals (218 S. W. 1097) affirming a judgment in favor of plaintiff Weil and reversing and rendering a judgment in favor of plaintiff Boatner, plaintiff Boatner and defendant bring error. Application for writ filed by defendant dismissed, and judgment of the Court of Civil Appeals in so far as it affects plaintiff Boatner affirmed.

Atkinson & Atkinson, of Houston, and Kleberg, Stayton & North, of Corpus Christi, for plaintiffs in error.

Locke & Locke, of Dallas, for defendant in error.

McCLENDON, P. J. R. H. Boatner was the owner of a store building and ironclad warehouse adjoining it, situated in Robstown, Nueces county, Tex. On September 2, 1915, the Home Insurance Company insured the property for one year against loss by fire for $2,000, apportioning the amount $1,800 on the building and $200 on the warehouse. The policy authorized total current insurance amounting to $4,000, apportioned $1,800 on the building, $2,000 on the stock, and $200 on the warehouse. On October 15, 1915, the Home Insurance Company issued a second policy to Boatner for $1,000, insuring for one year against loss by fire the store building and warehouse, the policy authorizing total current insurance of $5,000, apportioned $3,000 on the building and $2,000 on the stock.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Each of the policies contained the following provision:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

At the time these policies were issued there was a mechanic's lien upon the property in favor of Charles Weil. This lien was originally for the principal sum of $4,000, represented by five notes of $800 each, bearing 10 per cent. interest. Each of the policies was in favor of Boatner, and attached to each was a mortgage clause, making loss payable to Charles Weil as his interest might appear, and providing that the policy should not, except for the nonpayment of premiums, be subject to forfeiture as against the mortgagee for any failure on the part of Boatner to comply with its terms. The mortgage clause also contained the following stipulation:

"Whenever this company shall pay the mortgagee any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee the whole principal due or to grow due, on the mortgage, with interest and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee to recover the full amount of his claim."

The mortgage clause also contains a stipulation limiting the liability of the company in case of other insurance upon the property to such a proportion of the loss as the policy bore to the total insurance.

On April 20, 1916, Boatner procured from the Providence-Washington Insurance Company, without the knowledge or consent of the Home Company, a policy insuring the building and warehouse against loss by fire for one year for $1,000. On the night of May 3, 1916, the property covered by these policies of insurance was totally destroyed by fire.

Boatner and Weil brought two suits against the Home Company, one upon each policy. The Home Company resisted the suits in so far as Boatner was concerned, claiming that as to Boatner the entire policies were null and void by reason of the violation of the additional insurance clause above quoted. As to the plaintiff Weil the Home Company contended that it was not liable for more than the proportionate amount which the policies issued by it bore to the entire insurance, including the Providence-Washington policy. It also contended that it

239 S.W.—59

was only liable to Weil to the amount represented by Weil's debt at the time of the fire, plus interest thereon from that date at 6 per cent. per annum, and asked to be subrogated to the rights of Weil in case it should be adjudged to pay any of the mortgage debt. The two causes were consolidated. Before the trial Weil died, and Mrs. Weil, in her capacity as executrix of his will, was made a party plaintiff in the deceased's stead.

There was a trial before a jury, and a judgment upon directed verdict in favor of Weil for $3,412.67, and in favor of Boatner for $44.83. The amount of the judgment in favor of Weil was arrived at by calculating the entire amount of Weil's debt, principal and interest at 10 per cent. up to the date of judgment. The amount awarded Boatner was the difference between the amount of Weil's debt and interest calculated to the date of the fire and the total amount of the two policies.

The Home Company appealed to the Court of Civil Appeals, urging the same contentions that it urged in the trial court. Boatner and Mrs. Weil filed separate briefs in that court. In the Weil brief there was no objection made to the contention of the Home Company that it was entitled to be subrogated to the claim and security held by Weil against Boatner. Boatner, in addition to contending that the policy had not been avoided as to him, urged that the Home Company was not entitled to subrogation upon two grounds: First, that it had forfeited its right to subrogation by resisting the claim of Weil; and, second, because it had not paid Weil's claim. The Court of Civil Appeals affirmed the trial court's judgment in favor of Weil, and held the Home Company entitled to subrogation whenever it paid that judgment. The judgment of the trial court in favor of Boatner was reversed and rendered. 218 S. W. 1097. Weil made no complaint of the judgment of the Court of Civil Appeals. Boatner and the Home Company sued out separate writs of error to the Supreme Court, both of which were granted. The petition for writ of error of the Home Company complains of the judgment of the Court of Civil Appeals in so far as it rendered judgment in favor of Weil to the full amount of the trial court's judgment, urging the two grounds of error above noted. The Boatner application complains of the judgment of the Court of Civil Appeals in holding the policy void as to him, and in holding the Home Company entitled to subrogation.

The decision of the Court of Civil Appeals was rendered January 28, 1920, and the motions for rehearing of Boatner and the Home Company were overruled March 10, 1920. Since this cause has been submitted there has been filed an agreement signed by counsel for all parties at interest, from which it appears that on June 23, 1920, the Weil interest in this judgment and the notes against

Boatner and lien securing them have been transferred to one Leon Dargan, of Dallas, Tex., who is state agent of the Home Company, and that Dargan has instituted suit in Nueces county against Boatner upon these notes and lien, and that that suit is now pending; that this transfer was made to Dargan for the use of the Home Company, that company furnishing the money with which the judgment, notes, and lien were acquired in the name of Dargan. It therefore appears that in so far as the controversy between Weil and the Home Company is concerned there has been a complete settlement of the litigation, and all questions relating to that controversy have therefore become moot, thus leaving for determination only the controversy as it affects Boatner and the Home Company.

[1] The judgment of the Court of Civil Appeals holding the policies void as to Boatner on account of breach of the additional insurance clause is clearly correct under the following authorities: Ins. Co. v. Griffin, 66 Tex. 232, 18 S. W. 505; Ins. Co. v. Blum, 76 Tex. 653, 13 S. W. 572; Ins. Co. v. Prather, 25 Tex. Civ. App. 446, 62 S. W. 89; Keller v. L. L. & G., 27 Tex. Civ. App. 102, 65 S. W. 695; Ins. Co. v. Post, 25 Tex. Civ. App. 428, 62 S. W. 140; Ins. Co. v. Levy (Tex. Com. App.) 222 S. W. 216; Ins. Co. v. Waco Co. (Tex. Com. App.) 222 S. W. 217.

[2] The transfer of the notes and lien to Dargan for the use of the Home Company effectually carried out the subrogation provision of the mortgage clauses in so far as that could be done by the action of the Home Company and Mrs. Weil, and the only question remaining is whether Boatner can defeat this subrogation upon the contention that by litigating the claim of Weil under the policy the insurance company forfeited its right to subrogation.

Had the policies been taken out originally by Weil in his own interest alone, and at his own expense, the insurance company would have stood in the relation of surety for the mortgage debt to the extent of any loss by fire to the property securing that debt; and, even in the absence of a subrogation agreement, would have been entitled to subrogation upon discharging the mortgage debt. See note II, Ann. Cas. 1917B, pp. 1135–1137. The reason for this rule is thus given in Nelson v. Ins. Co., 43 N. J. Eq. 256, 11 Atl. 681, 3 Am. St. Rep. 308:

"That insurance by the mortgagee, such as gives the debtor no benefit of money recovered on a loss, would, without subrogation, convert what is designed as a contract of indemnity into a wager policy. The mortgagee could demand payment of the loss to the extent of his mortgage without reducing the mortgage debt. Public policy condemns such contracts."

Clauses similar to that in question, which give subrogation on claim of nonliability to the mortgagor, have been generally held val-

id, and enforced in accordance with their express terms. See authorities collated in Ann. Cas. 1917B, pp. 1140–1143; Alamo Ins. Co. v. Davis, 25 Tex. Civ. App. 342, 60 S. W. 802.

Under the express terms of the subrogation clause which bound all parties to the contract of insurance the avoidance of the policy as to Boatner determined entirely his interest in the insurance as effectually as if the policy had never been taken out. The policy then became nothing more than insurance by the mortgagee of his debt, and if that debt had been paid at any time by Boatner the obligation of the Home Company under the policies would have ceased; and any partial payment by Boatner would to that extent reduce the amount of liability by the Home Company upon the policies. After Boatner had rendered the policies void as to himself there was no obligation whatever on the part of Weil to collect the insurance from the Home Company in so far as Boatner was concerned, and the Home Company was entitled at any time to pay off the mortgage debt and receive a transfer of the notes and lien under the express terms of the subrogation provision of the mortgage clauses. The notes and lien were assignable in the hands of Weil without the consent of Boatner independently of the subrogation clause; and when the Home Company through its agent acquired the notes and lien, it stood, to the extent of the amount paid by it to the mortgagee, in the same position as any other assignee, holding the notes and lien subject to any defenses which might be urged against Weil. Boatner has not in any way been injured by the failure of the insurance company to pay the amount of loss to Weil because such payment, if made, could not inure to his benefit, and there has been no time since the notes became due when he did not have the legal right to discharge them by payment to Weil. Such payment, however, would, as we have shown, inure to the benefit of the Home Company.

We do not deem it necessary to enter into a discussion of the various questions presented relating to subrogation and loss of that right, as in our judgment these questions have been eliminated by the action of the insurance company and Mrs. Weil in the transfer of the judgment, notes, and lien to Dargan. The decisions upon this subject are collated in a note under Insurance Co. v. Ramsey, Ann. Cas. 1917B, pp. 1135–1144, and in 9 A. L. R. p. 1596 et seq.

There is but one contingency under which we think the mortgagor's interest could be affected by subrogation in a case of this character, and that is where the insurance company should pay off only a part of the mortgage debt and demand to be subrogated pro tanto to the rights of the mortgagee. In such case the mortgagor might be subjected to the expense and inconvenience of two suits

by having the ownership of the claim against him vested in two separate parties. It is doubtful, however, whether such objection could be urged under the present state of facts, because the mortgage clauses to which Boatner was a party expressly provided for partial subrogation. However, no such question arises in the present case, since the Home Company has acquired the entire mortgage debt and lien, and the burdens of the mortgagor are no more onerous than they would be had there never been any assignment of the notes and lien.

We conclude that the application for writ of error filed by the Home Company should be dismissed at the cost of that company, and that the judgment of the Court of Civil Appeals, in so far as it affects plaintiff in error Boatner, should be affirmed.

CURETON, C. J. Petition for writ of error of the Home Insurance Company dismissed at its cost, and the judgment of the Court of Civil Appeals affirmed.