## ÆTNA INS. CO. et al. v. JACKSON.[*] (No. 1351.)

(Court of Civil Appeals of Texas. Beaumont. March 16, 1926. Rehearing Denied April 7, 1926.)

**1. Insurance ☞336(1)—Procuring of additional fire insurance without consent of insurer held to have avoided policies (Complete Tex. St. 1920 or Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a).**

Where fire insurance policies provided that no additional insurance could be had without insurer's consent, procurement of additional insurance by insured without such consent avoided policies; Anti-Technicality Statute (Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a), not being applicable.

**2. Insurance ☞665(7)—Evidence that proofs were delivered to adjuster held to support finding of proof of loss by insured.**

Evidence that an adjuster for insurer told insured that papers he had made up and delivered were satisfactory as proof of loss *held* to support finding that proof of loss was made.

**3. Insurance ☞536.**

Even though the insured house was totally destroyed, proof of loss must be made (Complete Tex. St. 1920, art. 4874).

Error from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by Dr. J. N. Jackson against the Ætna Insurance Company and others. Judgment for plaintiff, and defendants bring error. Judgment reversed as to defendant named· and defendant Superior Insurance Company, and rendered; affirmed as to defendant' Northwestern Fire & Marine Insurance Company.

---

Thompson, Knight, Baker & Harris, of Dallas, for plaintiffs in error.

Dycus & Shivers, of Port Arthur, for defendant in error.

O'QUINN, J. This suit was instituted by defendant in error against the plaintiffs in error, the Ætna Insurance Company, the Superior Insurance Company, and the Northwestern Fire & Marine Insurance Company, to recover on fire insurance policies issued by them. Dr. Jackson, defendant in error, was the owner of a dwelling house situated in the city of Port Arthur, Tex. On September 6, 1923, the Ætna Insurance Company insured the house for three years against loss by fire in the sum of $2,500. On March 14, 1924, the ·Superior Insurance Company (denominated by defendant in error as the Western Insurance Underwriters) issued its policy in the sum of $2,000 on the household goods of Dr. Jackson, situated in his said house, for three years. On April 30, 1924, the Northwestern Fire & Marine Insurance Company issued its policy to Dr. Jackson insuring him against loss by fire in the sum of $2,500 on the house and $2,000 on the household goods, for the period of one year. On May 5, 1924, the house was burned, and Dr. Jackson brought these suits against the several companies to recover on said policies. The suits were consolidated and tried as one.

The Ætna Insurance Company answered that its policy required written sworn proof of loss within 91 days, and that nothing should be due until 60 days after proof of loss, and alleged that no proof of loss had been made, and therefore the suit was prematurely brought, and asked that the suit be abated. Subject to its plea in abatement, it answered by general demurrer, general denial, and specially the matters contained in its plea in abatement, and further pleaded that defendant in error had obtained other insurance on the property insured, in violation of the terms of its policy, which contained a stipulation against further insurance without the consent of the plaintiff in error.

The Superior Insurance Company answered in identical terms with that of the Ætna Insurance Company, setting up the identical defenses set up by that company.

The Northwestern Fire & Marine Insurance Company answered, pleading the provision of its policy·that required proof of loss within 91 days after loss, and that nothing should be. due under the policy until 60 days after proof of loss was made, and alleged that such proof had never been made, and asked that the suit be abated because prematurely brought, and subject to this plea in abatement answered by general demurrer, general denial, and specially pleaded the provisions of the policy with reference to making proof of loss and time of payment, and other pleas which it is not deemed necessary to set out.

282 S.W.—42

The case was tried to a jury upon the following special issues:

"(1) Was the building situated at 528 De Queen boulevard, Port Arthur, Tex., a total loss as a result of the fire on May 5, 1924?" To which the jury answered: "Yes."

"(2) What amount of money, if any, would it have cost immediately following the fire on May 5, 1924, to have repaired and replaced with material of like kind and quality, the damage done by fire, as distinguished from the damages, if any, caused by explosion, to household and kitchen furniture, wearing apparel, etc.,· which were contained in the building at 528 De Queen boulevard, Port Arthur, Tex., on May 5, 1924?" To which the jury answered: "$6,000."

"(3) What amount of money, if any, would it cost immediately following the fire, May 5, 1924, to have repaired and replaced with material of like kind and quality the damage done by fire, as distinguished from the damage, if any, caused by explosion, to the building situated at 528 De Queen boulevard, Port Arthur, Tex.?" To which the jury answered: "$4,200."

"(4) Did the adjuster for the Northwestern Fire & Marine Insurance· Company, after May 5, 1924, advise plaintiff that the papers plaintiff made up or had made up were satisfactory as a proof of loss?" To which the jury answered: "Yes."

Special Issue No. 4 requested by plaintiff: "Did Mr. Cook tell Dr. Jackson that no further proof of loss was necessary?" To which the jury answered: "Yes."

Special Issue No. 5 requested by plaintiff: "Did Mr. Rothschild request Mr. Cook to bring him the proof of loss?" To which the jury answered: "Yes."

Upon the answers of the jury, the court rendered judgment in favor of defendant in error against plaintiff in error Ætna Insurance Company for $2,100, and against the Superior Insurance Company for $2,000, and against the Northwestern Fire & Marine Insurance Company for $4,100, that being $2,100 on the house and $2,000 on the furniture. Plaintiffs in error filed motions for new trial, which were overruled, and the case is before us for review upon a writ of error, each of the defendants in the court below assigning errors and presenting briefs.

[1] As the plaintiffs in error Ætna Insurance Company and Superior Insurance Company present the same questions and have filed a brief in common, we will first consider their appeal.

At the conclusion of the evidence each of these plaintiffs in error presented a special requested charge instructing the jury to return a verdict for them, on the ground that the undisputed evidence showed that its policy became avoided by the defendant in error procuring additional insurance on the property insured, without its knowledge or consent, and was so avoided at the time of the fire, which special charge was refused by the court. All the assignments of these plaintiffs in error present this question as error, in different forms.

The Ætna insurance policy and the Supe·

rior insurance policy each contained the following clause:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has, or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

The total concurrent insurance on the house insured as shown by the Ætna policy was:

"Total concurrent insurance permitted, including this policy, $2,500 as follows: $2,500 on dwelling."

No subsequent agreement to other insurance on the house was shown or attempted to be shown. The Superior insurance policy was for $2,000 on the furniture, and permitted concurrent insurance as follows:

"Total concurrent insurance permitted, including this policy, $2,000, as follows: $2,000 on household furniture."

No agreement as to other insurance on the furniture was shown or attempted to be shown. Each of the policies also contained this clause:

"It is understood and agreed that no other insurance is permitted unless the total amount, including this policy, is entered in the blank space in paragraph above."

The Ætna insurance policy was issued September 6, 1923, for $2,500 on the house. The Superior insurance policy was issued March 14, 1924, for $2,000 on the furniture. The policy of the Northwestern Fire & Marine Insurance Company was issued April 30, 1924, for $2,500 on the house and $2,000 on the furniture. So it appears without dispute that, after securing insurance with plaintiffs in error Ætna Insurance Company and Superior Insurance Company, each of which policies provided that no further or additional insurance on the property could be had without their consent, defendant in error, without their knowledge or consent, did make and procure other insurance contracts on said property, namely, that with the Northwestern Fire & Marine Insurance Company, in the sum of $4,500, $2,500 on the house and $2,000 on the furniture. Under the law, it is well settled that this avoided the policies of these plaintiffs in error. New Orleans Insurance Association v. Griffin & Shook, 18 S. W. 505, 66 Tex. 232; East Texas Fire Insurance Co. v. Blum, 13 S. W. 572, 76 Tex. 653; Works v. Springfield Fire & Marine Insurance Co. (Tex. Civ. App.) 79 S. W. 42; Providence-Washington Insurance Co. v. Levy (Tex. Com. App.) 222 S. W. 216; Boatner v. Home Insurance Co. (Tex. Com. App.) 239 S. W. 928. But defendant in error insists that, since the enactment of article 4874a, Texas Complete Statutes 1920, or Vernon's Sayles' Ann. Civ. St. 1914, commonly known as the anti-technicality statute, this rule does not obtain. The

decisions are against this contention, and, to the contrary, directly hold that the "other or additional insurance clause" is not affected by said statute. Providence-Washington Insurance Co. v. Levy & Rosen (Tex. Com. App.) 222 S. W. 216; Ætna Insurance Co. v. Waco Co. (Tex. Com. App.) 222 S. W. 217; Boatner v. Home Insurance Co. (Tex. Com. App.) 239 S. W. 928; Boatner v. Providence-Washington Insurance Co. (Tex. Com. App.) 241 S. W. 136. The court erred in refusing these plaintiffs in error's requested peremptory instruction, and the judgment as to them will have to be reversed and here rendered in their favor.

[2] We come now to consider the appeal of plaintiff in error Northwestern Fire & Marine Insurance Company. At the conclusion of the evidence it requested the court to instruct the jury to return a verdict in its favor on its plea in abatement, because, as it contends, no proof of loss had been made by defendant in error, and therefore nothing was due under the policy, and the suit was prematurely brought, which was overruled by the court. Said plaintiff in error's first two assignments present this action of the court as error. We think the assignments should be overruled. The adjusters, Cook and Rothschild, representing the insurance companies, were there together interviewing Dr. Jackson, acting together, and the jury found that the adjuster for this plaintiff in error told Dr. Jackson that the papers he made or had made up and delivered to him were satisfactory as a proof of loss, and that no further proof of loss was necessary. The record amply supports the finding, and, therefore the contention that no proof of loss was made cannot be sustained. The papers made and delivered, as complying with the stipulation for proof of loss, were either satisfactory or further proof was waived, for no objection was made to same, and Dr. Jackson was not advised by plaintiff in error in what particular the proof was not sufficient.

[3] Defendant in error insists that a fire insurance policy, where the house is totally destroyed, is a liquidated demand for the full amount of the policy, and that, as the jury found the house was a total loss, under article 4874, Texas Complete Statutes 1920, proof of loss does not have to be made. It has been so held. Continental Insurance Co. v. Chase (Tex. Civ. App.) 33 S. W. 603; Camden Fire Insurance Co. v. Bomar (Tex. Civ. App.) 176 S. W. 156. But this holding was, in effect, overruled in an opinion by the Commission of Appeals in Fire Association of Philadelphia v. Strayhorn, 211 S. W. 447, which holding by the Commission of Appeals was expressly approved by the Supreme Court. See, also, Delaware Underwriters v. Brock, 211 S. W. 779, 781, 109 Tex. 425; Queen Insurance Co. v. Jefferson Ice Co., 64 Tex. 578; Continental Insurance Co. v. Chase, 34 S. W. 93, 89 Tex. 214.

Plaintiff in error assails the finding of the

jury that the building was a total loss as being against the great weight and preponderance of the evidence. The assignment is overruled. We think the evidence sufficiently supports the finding. Hamburg-Bremen Fire Ins. Co. v. Garlington, 18 S. W. 337, 66 Tex. 103, 59 Am. Rep. 613.

Plaintiff in error presents other assignments. They have all been considered, and none of them are believed to show reversible error, and are all overruled. The judgment as to this plaintiff in error should be affirmed, and it is so ordered.

It appearing that by agreement of the parties all three of the suits were consolidated for the purposes of trial and appeal, and as we have held that the judgment as to the plaintiffs in error Ætna Insurance Company and Superior Insurance Company should be reversed and here rendered for them, it is the further order of this court that the costs be taxed one-third against plaintiff in error Northwestern Fire & Marine Insurance Company and two-thirds against defendant in error Dr. J. M. Jackson.