**BRITISH AMERICA ASSUR. CO. et al. v. MID–CONTINENT LIFE INS. CO. et al. (No. 8252.)**

Court of Civil Appeals of Texas. San Antonio.
Oct. 30, 1929.

Rehearing Denied Dec. 4, 1929.

T. M. West, of San Antonio, and E. G. Senter, of Dallas, for appellants.

Davenport, West & Ransome, of Brownsville, for appellees.

COBBS, J. Appellees, Mid-Continent Life Insurance Company and A. A. Maupin, brought this suit against appellants, British America Assurance Company and Continental Insurance Company, alleging that Maupin was the owner of a residence upon which the Mid-Continent Life Insurance Company held a mortgage in the sum of $4,500. On January 7, 1927, the British America Assurance Company issued its fire insurance policy for $4,000 covering said residence; and on April 23, 1927, Maupin procured from the Continental Insurance Company of New York an insurance policy in the sum of $4,000 covering the same building. While both of said policies were in effect the building was destroyed by fire, and Maupin transferred to the Mid-Continent Life Insurance Company all rights he had under both of said fire insurance policies. Plaintiffs alleged that their loss as a result of said fire was $5,500, and that the two insurance companies became jointly and severally liable to indemnify the plaintiffs on account of said loss, of course, subject to the limitation that the British America Assurance Company was not bound to pay more than the sum of $4,000, the amount of its policy; and the Continental Insurance Company was not bound to pay more than the sum of $4,000, the amount of its policy.

The British America Assurance Company's policy contained a provision that: "This entire policy, unless otherwise provided by an agreement endorsed herein or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." After the issuance of that policy, about April 23, 1927, Maupin procured a fire insurance policy, covering the same building, from the Continental Insurance Company. Each of said policies contained a clause of forfeiture in case of additional insurance upon the same building. The Continental Insurance Company was not obligated to keep the property insured for the benefit of the mortgagee.

It was answered and claimed by defendants that the policies so issued ceased to be effective; and that the interest of the Mid-Continent Life Insurance Company is that of a mortgagee. The policy issued by the British America Assurance Company contained the following clause: "On payment to such mortgagee of any sum for loss or damage hereunder, if this company shall claim that as to the mortgagor or owner, no liability existed, it shall, to the extent of such payment be subrogated to the mortgagee's right of recovery and claim upon the collateral to the mortgage debt, but without impairing the mortgagee's right to sue, or it may pay the mortgage debt and require an assignment thereof and of the mortgage."

Defendant British America Assurance Company alleged that its policy provided: "In case of any other insurance upon the within described policy this company shall not be liable to said mortgagee under this policy for a greater proportion of any loss or damage to the within described policy

than the sum hereby insured bears to the whole amount of insurance on said property, payable to, held by and consented to by said mortgagee." And that by reason thereof, if it is liable upon said policy, it is liable to the mortgagee only for that proportion of the total insurance upon said property which its policy bears to the same, which amount does not exceed the sum of $2,000, and upon payment of said amount to the mortgagee it is lawfully entitled to be subrogated to all of the mortgagee's right against Maupin to the extent that the same may be necessary to recoup the defendant for the amount of such payment. Said defendant further answered that, by reason of the fact that at the time of the loss there were two policies of insurance running in favor of Maupin, both covering said building, each for the sum of $4,000, and each limiting the total amount of insurance on the building to $4,000, if liable at all, it would be liable only for the sum of $2,000 to plaintiff Maupin as well as to plaintiff Mid-Continent Life Insurance Company.

The defendant Continental Insurance Company pleaded a general denial and pleaded the provisions of the policy, which provided for forfeiture for overinsurance. This policy limited the insurance to $4,000 on the dwelling and $500 on the barn. This company alleged that after the issuance of its policy Maupin took out an additional $500 upon the barn; and that, if the company had known this, it would have canceled its policy. Maupin's interest was not stated, for he was not the sole owner of the property, since he had mortgaged it.

The British America Assurance Company had attached to its policy the standard mortgage clause providing for the loss to be payable to the Mid-Continent Life Insurance Company, as its interest might appear. This insurance inured to the benefit of Maupin, and in law the Mid-Continent Life Insurance Company is entitled to recover from the British America Assurance Company the sum of $4,000.

The Continental Insurance Company does not owe Mid-Continent Life Insurance Company, because it did not recognize that it had any right to have a mortgage on said property.

Judgment was rendered that the plaintiffs are entitled to recover from the British America Assurance Company the sum of $4,000, with interest at the rate of 6 per cent. per annum from October 18, 1927; and judgment was rendered in favor of Mid-Continent Life Insurance Company against Continental Insurance Company for $1,500, with interest at the rate of 6 per cent. per annum from October 18, 1927.

The case was tried without a jury on an agreed statement of facts as to certain issues, which findings of fact and conclusions of law will be found in the record.

All parties appeal to this court.

From the agreed facts and the findings of fact of the court, the court made the following conclusions of law:

"1. The Fire Insurance Policy procured by plaintiff, Mid-Continent Life Insurance Company from British America Assurance Company of Toronto, Canada, as above stated, and the Fire Insurance policy thereafter obtained by plaintiff Maupin from defendant Continental Insurance Company of New York, were intended to and in fact did protect different insurable interests in the same physical property, for which reason the forfeiture and coinsurance clauses contained in both policies have no application to the facts of this case.

"2. Since the 'Mortgage Clause with Full Contribution,' attached to the British America Assurance Company policy expressly provides that loss or damage on building items on said policy shall be payable to Mid-Continent Life Insurance Company as Mortgagee as its interest may appear, with the express provision:

"'This policy as to the interest therein as to the said payee, as mortgagee * * * shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property' * * * and,

"'In the case of any other insurance upon the within described property, this company shall not be liable to said mortgagee * * * under this policy for a greater portion of any loss or damage to the within described property, than the sum hereby insured bears to the whole amount of insurance on said property, payable to, held by, or consented to by mortgagee.' * * *

"And since the interest of Mid-Continent Life Insurance Company as Mortgagee is greater than the maximum amount payable under the terms of said policy, the act of Maupin in taking out another policy of insurance not payable to, held by, or consented to by the Mid-Continent Life Insurance Company, cannot in any way affect the right of plaintiff Life Insurance Company to recover the amount of the policy held by it from the defendant British-America Assurance Company of Toronto, Canada.

"3. Continental Insurance Company of New York is not, under the terms of its policy, liable in any event for a greater sum than the difference between the amount of insurance taken out and held by Mid-Continent Life Insurance Company to protect its Mortgagee interest and the value when destroyed, of the insured property.

"4. I, therefore, conclude that defendant British-America Assurance Company of Toronto, Canada, is liable to plaintiff Mid-Continent Life Insurance Company for $4,000, the amount of insurance provided by its policy on the property burned, and that defendant Continental Insurance Company of New York is liable to plaintiff, Mid-Continent Life Insurance Company, as assignee of plaintiff

Maupin for $1,500, being the difference between the amount of British-America Assurance Company's policy and the value of the property burned."

The first proposition presented by British America Assurance Company is that its policy limited the amount of insurance upon the dwelling to $4,000, and provided that it should be held void if other insurance was procured thereon, and because Maupin procured other insurance issued to himself by the Continental Insurance Company, in the same amount, the policy of the British America Assurance Company became void and of no effect.

Neither plaintiff Mid-Continent Life Insurance Company, nor defendant British America Assurance Company had any knowledge of the existence of the Continental Insurance Company's policy prior to the burning of the house.

■ It is well settled by decisions of our courts that overinsurance, without the knowledge or consent of the insurer, voids the policy. See numerous cases cited in Ætna Ins. Co. v. Jackson (Tex. Civ. App.) 282 S. W. 656.

The barn that was insured did not burn, and the only question that arises is in respect to the double insurance on the dwelling.

■ Without discussing separately the separate issues presented by the parties, though we have very carefully considered them all, there is no doubt but what the British America Assurance Company insured the Mid-Continent Life Insurance Company's insurable interest in the destroyed building and accepted the payment of premiums.

The mortgage clause attached to the policy expressly protects the Mid-Continent Life Insurance Company against forfeiture by any act of the owner. The Mid-Continent Life Insurance Company did not take out additional insurance and in no way violated the terms of the policy. It seems clear to us that the British America Assurance Company, by virtue of its own contract expressed in its policy, is liable to appellee Mid-Continent Life Insurance Company for the stipulated insurance. There is nothing to show that Maupin, when he took out the Continental policy, was aware of the terms of the British America policy as to coinsurance, and that he intended to insure the Mid-Continent Life Insurance Company's interest in the property. The Continental Insurance Company's policy contains no mortgage clause of loss for the benefit of Mid-Continent Life Insurance Company. Maupin testified it was only to protect his equity in the insured buildings over the vendor's lien note.

It is the opinion of the writer that the judgment should be affirmed, but in this the majority of the court differ with me, and they contend the judgment should be affirmed as to the mortgagee, since the mortgagor took out the subsequent policy without the knowledge of the former, who, by the express provision of the policy, was not bound in any way by the conduct of the mortgagor.

But the judgment should be reversed and rendered as to the Continental Insurance Company, which had no knowledge of the first policy, since it was expressly provided in the Continental policy that it would be void if other or additional insurance had been or should be procured on the insured property.

■ The second policy constituted double insurance, which was not only prohibited by the terms of the policy, but by public policy as well.

The secret intention of the property owner that the second policy should cover only his equity in the property could not vitiate the plain terms of the policy, or bind the insurer. By giving effect to this secret intention a wholly new contract is made by the court for the parties, for the contract as written provided for $4,000 on the whole property and estate therein, and not for $1,500, the amount of the owner's equity therein.

The Continental policy being void, neither the mortgagor nor mortgagee was entitled to recover upon it.

The judgment is affirmed as to the British America Assurance Company, but the balance of the judgment is reversed and judgment here rendered in favor of the Continental Insurance Company.