The opinion of the Commission of Appeals is adopted, and relators discharged.

## BRITISH AMERICAN ASSUR. CO. OF TORONTO, CANADA, v. MID–CONTINENT LIFE INS. CO. et al.

No. 1257—5644.

Commission of Appeals of Texas, Section B.

April 15, 1931.

E. G. Senter, of Dallas, for plaintiff in error.

T. M. West, of San Antonio, and Davenport, West & Ransome, of Brownsville, and J. Franklin Spears, of San Antonio, for defendants in error.

LEDDY, J.

There is no controversy as to the facts in this case, as the trial court's findings are not challenged by any of the parties hereto.

It is disclosed that defendant in error, A. A. Maupin, owned a five-acre tract of land near Harlingen, Tex., upon which was situated a residence. The defendant in error, Mid-Continent Life Insurance Company, held a valid and subsisting lien against said property to secure the payment of vendor's lien notes, upon which Maupin was liable, in the principal sum of $4,500, the total amount due upon said indebtedness at the time of the trial being $5,806.49.

The mortgagee holding this indebtedness, without the knowledge of defendant in error Maupin, procured the issuance of a fire insurance policy by plaintiff in error, British American Assurance Company, in the sum of $4,000, covering the building on the premises, the same being in favor of Maupin with the usual loss payable clause to the mortgagee. Defendant in error Maupin subsequently learned of the issuance of this policy, and, after receiving such knowledge, procured the issuance in his favor, without any loss payable clause to the mortgagee, a policy by the defendant in error Continental Insurance Company of New York in the sum of $4,000, covering the same property.

The residence insured by these two policies was subsequently destroyed by fire, and this suit was instituted by the Mid-Continent Life Insurance Company against the British American Assurance Company on the policy, to which was attached the loss payable clause in its favor, and it also sought to recover against the Continental Insurance Company of New York upon an assignment of the amount due under its policy by the assured Maupin.

The trial court rendered judgment in favor of the Mid-Continent Life Insurance Company against the British American Assurance Company for the full amount of its policy and in the sum of $1,500 against the Continental Insurance Company of New York under its policy for $4,000. The recoveries thus award-

ed amounted to $5,500, the agreed value of the property destroyed.

The Court of Civil Appeals, 21 S.W.(2d) 1106, reversed the judgment against the latter company, but affirmed the recovery for the full amount of the policy issued by the British American Assurance Company.

Each of the policies covering this property contained the standard concurrent insurance clause, which reads as follows: "This entire policy, unless otherwise provided by an agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

Under the settled law of this state the violation of the foregoing stipulation against other insurance rendered each of these policies void and barred any recovery thereon by the assured. New Orleans Ins. Ass'n v. Griffin, 66 Tex. 232, 18 S. W. 505; East Texas Fire Ins. Co. v. Blum, 76 Tex. 653, 13 S. W. 572; Orient Ins. Co. v. Prather, 25 Tex. Civ. App. 446, 62 S. W. 89; Wilson v. Ætna Ins. Co., 12 Tex. Civ. App. 512, 33 S. W. 1085; Hartford Fire Insurance Co. v. Post, 25 Tex. Civ. App. 428, 62 S. W. 140; Providence-Washington Ins. Co. v. Levy & Rosen (Tex. Com. App.) 222 S. W. 216; Ætna Ins. Co. v. Waco Co. (Tex. Com. App.) 222 S. W. 217; Ætna Ins. Co. v. Jackson (Tex. Civ. App.) 282 S. W. 656, 657; Boatner v. Home Ins. Co. (Tex. Com. App.) 239 S. W. 928.

It is argued that the second policy taken out by the assured is valid because he was not responsible for the issuance of the first. The evidence shows the first policy was procured without his knowledge or consent by the mortgagee, who paid the premium thereon. Maupin, however, had expressly contracted to insure the property in favor of the mortgagee and agreed, if he failed to do so, the latter was authorized to obtain such insurance. He was duly notified of the issuance of the first policy, and that the premium therefor had been charged to his account. Under such circumstances the policy inured to his benefit. In any event he became bound by its terms when he acquired knowledge of its issuance and thereafter permitted it to continue in force. Camden Fire Insurance Co. v. Sutherland (Tex. Com. App.) 284 S. W. 927, 928.

It is also claimed that, because this commission held in the above-cited case the second policy procured by the assured was valid and enforceable, such decision is authority for a similar holding in this case. That decision was based solely upon the proposition that the company at the time of the issuance of the second policy was shown to have had full knowledge of the existence of the first. That such fact formed the basis of the holding plainly appears from the opinion rendered by Judge Powell. In the course of the opinion it is stated: "As we have already shown, Sutherland had insurance largely in excess of the concurrent insurance allowed by the policy in suit, and, under the provision last quoted [concurrent insurance clause], the policy in suit would be absolutely void but for the fact that the plaintiff in error [Camden Insurance Company] had knowledge of the Lloyd's policy in such a way as to be now estopped from setting up this provision of the contract."

It is thus seen that the right to recover on the policy sued upon by Sutherland was due to the existence of facts sufficient to estop the insurance company from taking advantage of the clause rendering the policy void in case of additional insurance. In the case at bar no basis exists for an estoppel, as neither insurance company, prior to the destruction of the property by fire, consented to or had any knowledge whatever of the policy issued by the other.

While the policy issued by the British American Assurance Company was void as to the owner or mortgagor, such fact does not operate to prevent a recovery by the mortgagee, the Mid-Continent Life Insurance Company, as the mortgage clause expressly provides that the policy as to the mortgagee shall not be invalidated by any act or neglect of the owner or mortgagor. The mortgagee was not shown to be in any way responsible for the issuance of the second policy, nor did it have any knowledge of the existence thereof prior to the date the property was destroyed.

Plaintiff in error, British American Assurance Company, specially pleaded that its policy contained a stipulation in the mortgage loss payable clause, which provides: "On payment to such mortgagee of any sum for loss or damage hereunder, if this company shall claim as to the mortgagor or owner no liability existed, it shall to the extent of such payment, be subrogated to the mortgagee's right of recovery and claim upon the collateral to the mortgage debt, without impairing the mortgagee's right to sue; or it may pay the mortgage debt, and require an assignment thereof and of the mortgage."

Plaintiff in error in this court concedes liability to the mortgagee for the face of the policy, but strenuously insists that the trial court should have given effect to the above stipulation and subrogated it to the security rights of the mortgagee to the extent that the recovery against it reduced the mortgagor's indebtedness.

The clause relied upon is one found in all standard fire insurance policies. It is held with practical unanimity by the courts throughout the country, including our own,

that where a policy contains this clause, and is void as against the assured because of his violation of some provision avoiding the same, the court should give effect to the agreement for subrogation by putting the insurance company in the place of the mortgagee to the extent the indebtedness against the owner has been reduced by payment under the policy. Alamo Fire Insurance Co. v. Davis, 25 Tex. Civ. App. 342, 60 S. W. 802; Washington Fire Ins. Co. v. Cobb (Tex. Civ. App.) 163 S. W. 608; Boatner v. Home Ins. Co. (Tex. Com. App.) 239 S. W. 928; Walker v. Queen Ins. Co., 136 S. C. 144, 134 S. E. 263, 52 A. L. R. 259 and note; Savings Bank v. Schancupp, 108 Conn. 588, 144 A. 36, 63 A. L. R. 1521 and note; Jones on Mortgages (8th Ed.) 506; Cooley's Briefs on Ins., p. 628.

Under the terms of the policy there is recognized a marked distinction between the liability of the insurance company to the mortgagee and to the insured, its terms disclosing a clear purpose to create a liability to the mortgagee when none would exist as to the insured. In such event the parties have expressly agreed that, upon payment by the insurance company of the loss to the mortgagee, the former shall be entitled to recover through the collateral to which it may be subrogated, money which, as against the mortgagor, it should not have been compelled to pay.

There is no room for doubt as to the validity of such a stipulation for subrogation. The Supreme Court of Missouri, in Mosby v. Ætna Ins. Co., 285 Mo. 242, 225 S. W. 715, 717, in discussing the validity of such a provision, said: "Neither positive law nor considerations of public policy prevent the making or enforcement of a contract provision of this sort. We see no reason why the parties are not free to enter into such an agreement if they see fit. The authorities, in cases in which the facts are such as those in the case at bar, are quite one way."

Some courts have gone so far as to hold, under a state of facts similar to those here involved, that an insurance company is entitled to subrogation, even though the policy contains no express provision therefor. Such rule is declared by the Supreme Court of Kansas in First National Bank of Springfield v. F. & M. Ins. Co., 104 Kan. 278, 178 P. 413. The conclusion was reached that, where the insurance company had paid the amount stipulated in a loss payable clause to the mortgagee, but had a valid defense as against the insured because of his breach of a provision of the policy, it was entitled to be subrogated to the security held by the mortgagee.

The subrogation clause was placed in the policy for the express purpose of protecting the insurance company against the assured's violation of the provisions thereof. For the court to decline to give effect to same would nullify the provisions for forfeiture to which the assured has expressly consented and thus make another and different contract from that which the parties have made for themselves.

The payment by the insurance company to the mortgagee under the policy on the mortgagor's indebtedness inured to the latter's benefit to the extent his debt was thereby reduced. It, for all practical purposes, constituted a recovery by him under the policy. To deny the insurance company subrogation, under the circumstances, would allow the assured to obtain the full benefit of a policy which because of the violation of its conditions he is not in good conscience entitled to receive. He should not be permitted to receive indirectly a benefit from the policy which the law, because of his conduct, forbids him from receiving directly.

The judgments of the trial court and the Court of Civil Appeals will be reversed, and judgment here rendered as follows: In favor of the Mid-Continent Life Insurance Company against the British American Assurance Company of Toronto, Canada, for the sum of $4,000, with interest thereon at the rate of 6 per cent. per annum from October 18, 1927; that the Mid-Continent Life Insurance Company take nothing as against the Continental Insurance Company of New York, and said company recover its costs in all courts; that a lien be decreed to exist in favor of the British American Assurance Company of Toronto, Canada, against the property belonging to A. A. Maupin, covered by the mortgage held by the Mid-Continent Life Insurance Company, to secure the payment of the sum herein awarded, against said company, and that said lien be foreclosed against A. A. Maupin, and said property ordered sold as under execution, such sale being subject to the lien held by the Mid-Continent Life Insurance Company for any indebtedness remaining under its mortgage after the application of the amount herein awarded. The costs of the trial court will be assessed against plaintiff in error, and all costs of appeal are adjudged against the Mid-Continent Life Insurance Company.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.